BLANCHE, Judge.
Plaintiff, Charles Percle, Sr., individually and on behalf of his minor son, Charles Percle, Jr., filed this suit to recover damages resulting from an automobile-motorbike collision, occurring on April S, 1970, in Plaquemine, Louisiana, at the intersection of Delacroix and Thomas Streets. As plaintiff’s son was operating the motorbike, it was struck by a 1968 Buick being driven by Mrs. Hilda M. Cardinal. The only defendant cited by plaintiff was American Employers’ Insurance Company (erroneously referred to as “Employers-Commercial Union Companies”), liability insurer of Mrs. Cardinal.
The trial court rendered judgment in favor of defendant, dismissing plaintiff’s suit, and plaintiff has devolutively appealed. We affirm.
Although plaintiff does not set forth specifications of error as required by the *315 “Uniform Rules of the Courts of Appeal,” he complains that the trial court erred in finding Mrs. Cardinal free of negligence and in dismissing plaintiff’s suit.
The evidence reflects that immediately prior to the accident Mrs. Cardinal was traveling in a westerly direction on Delacroix Street, and plaintiff’s nine-year-old son was proceeding southerly on Thomas Street. Riding as a passenger on the Wizard Trail Horse SS-300 motorbike behind the young Percle boy was Kathy Couvillion age eleven. When the Percle boy attempted to enter Delacroix from the Thomas intersection, a collision occurred between his motorbike and the Cardinal automobile. Both Mrs. Cardinal and the Percle youth testified they did not see each other prior to the collision. According to the evidence, a thick ligustrum hedge at the northeast corner of the intersection obscured Thomas Street from the vision of motorists traveling west on Delacroix Street (the direction in which Mrs. Cardinal was traveling) and likewise blocked the view of Delacroix from persons proceeding south on Thomas (the direction of travel of the Percle boy). Delacroix was the favored street. There was a stop sign for Thomas traffic entering Delacroix on the south. On the north, or the side of the intersection where the accident occurred, there was no stop sign for Thomas traffic but Thomas dead-ended 196.3 feet north of the intersection. This was shown by a survey offered in evidence by plaintiff. Only one driveway entered or exited into the dead-end area of Thomas. It was in this dead-end section of Thomas that the Percle boy had turned his motorbike prior to emerging into the intersection. The speed limit on Delacroix at the time of the accident was 30 miles per hour, according to the testimony of Captain Mike Marino, Jr., the City Police officer who investigated the accident.
Our review of the record discloses that Mrs. Cardinal was guilty of no negligence causing or contributing to the cause of the accident. On the contrary, Mrs. Cardinal was driving carefully and at a lawful and reasonable speed. She testified that she was driving at 20 to 25 miles per hour, below the 30-mile per hour speed limit. This is corroborated by James Migliacio, who lived on Delacroix Street and observed Mrs. Cardinal drive by, sounding her horn and waving at him, as he mowed his front lawn about 300 feet from the point of collision. Mr. Migliacio stated he did not think she was exceeding the speed limit, which he believed to be 25 miles per hour. Additionally, Captain Marino stated he found no evidence in investigating the accident to indicate Mrs. Cardinal was exceeding the speed limit.
Captain Marino further testified that when he arrived at the scene Mrs. Cardinal’s car was on the right side of Delacroix headed west and the motorbike was jammed under the right front part of the car, estimating the accident occurred six or seven feet west of the northeast corner of the intersection. He marked on the photograph P-9, which was offered in evidence and showed the intersection, the approximate position where the Cardinal vehicle came to rest after the accident and said it was “just a little past” the ligustrums. This also corroborates that Mrs. Cardinal was driving slowly and stopped right after the accident took place, since it shows her vehicle, in fact, stopped well before it even reached what would have been the center line of Thomas Street, if it had been extended on out into the intersection.
Captain Marino further testified that it appeared to him the motorbike entered the intersection from the lefthand lane of Thomas. He also estimated the ligustrum hedge was approximately seven or eight feet tall and absolutely too thick to see through. The photograph P-9 further reflects that the hedge not only came right up to the curbline of Thomas Street (there was no sidewalk) but also hung over into the roadway. Because the Percle boy entered the intersection from the lefthand lane, or the lane closer to the hedge, it would have been impossible for westbound *316 motorists on Delacroix to have observed him as they approached the intersection. We, therefore, concur with the trial judge’s finding that the existence of the li-gustrum hedge proved Mrs. Cardinal did not and could not see young Percle.
Plaintiff argues, in particular, that Mrs. Cardinal was negligent because she had knowledge of children playing in the area where the accident occurred. As to this, we state it is undisputed that children sometimes played in the general area of Delacroix and that Mrs. Cardinal, a resident of Delacroix Street for nine years, had knowledge of this fact. Captain Mari-no stated he saw “children playing along the road [on] just about every street in Plaquemine.” However, the testimony does not show that Mrs. Cardinal had knowledge on the day the accident took place and immediately prior thereto of the presence of the Percle boy or of any children at or near this particular intersection. The trial judge found as a fact that no other children were playing or riding in the area at the time of the accident, so as to place Mrs. Cardinal on her guard, and, of course, these children were totally concealed by the hedge. Mrs. Cardinal was driving carefully and slowly, below the speed limit, and stopped immediately after the accident happened. There was simply nothing more she could have done to avoid the accident. It was unavoidable because of the suddenness with which the Percle boy on his motorbike emerged from the li-gustrum-concealed, lefthand lane of Thomas Street.
We hold that a motorist such as Mrs. Cardinal who is traveling at a lawful and reasonable rate of speed and observing the rules of the road will not be held liable when a child suddenly darts into his path from a concealed position in such a way that the accident cannot be averted. The case of Pastor v. Southern Farm Bureau Insurance Company, 215 So.2d 218 (La. App.3rd Cir.1968), writ refused, 253 La. 624, 218 So.2d 901, states the law applicable to the case at bar:
“The law in cases of this type is well-defined to the effect that:'
‘ * * * a motorist who sees or should see children near the roadside, must exercise a high degree of care in view of the propensity of young children to dart or run into the street, [h]eedless of their own safety. This rule implies that when a motorist sees or should see a child near the roadside, he must anticipate that the child might suddenly dart into the street. Consequently, the motorist must bring his vehicle under such control that he can avoid injuring the child, notwithstanding its youthful indiscretion. * * * On the other hand, a motorist is not an insurer of the safety of children playing near the street. If 'the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road as to proper lookout etc. he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child.
See Layfield v. Bourgeois, 142 So.2d 799 (La.App. 3rd Cir. 1962) and cases cited therein.” (Pastor v. Southern Farm Bureau Insurance Company, 215 So.2d at 220)
In this connection, see, also, Guidry v. Golden Oil Company, 230 So.2d 108 (La. App. 1st Cir.1969).
In summary, the record clearly shows that the trial judge committed no manifest error in failing to find Mrs. Cardinal guilty of negligence in the light of the peculiar circumstances of the case before us.
Accordingly, the judgment appealed from is affirmed, with all costs of this appeal assessed to plaintiff-appellant.
Affirmed.