328 So.2d 739 (1976)
Anthony J. BRUNO, Jr., Individually and in his capacity as Natural Tutor of his minor child, Randy Bruno
v.
Reed R. DANIELS and State Farm Mutual Automobile Insurance Company.
No. 7326.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
Stephen B. Murray, Murray, Murray & Ellis, New Orleans, for Anthony J. Bruno, Jr., plaintiff-appellant.
C. Gordon Johnson, Porteous, Toledano, Hainkel & Johnson, New Orleans, for Reed R. Daniels and State Farm Mut. Automobile Ins. Co., defendants-appellees.
Before REDMANN, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This case involves an intersectional collision between a car and a bicycle. Plaintiff, Anthony Bruno, Jr., individually and as tutor for his minor son Randy Bruno, has sued defendants Reed Daniels and State Farm Mutual Automobile Insurance Company, claiming damages for personal injuries to his son Randy Bruno. Plaintiff requested and was granted a jury trial. The jury returned a verdict favorable to defendants and a judgment was granted dismissing plaintiff's case. Plaintiff has appealed this judgment.
The facts show that Kelly Daniels, defendant Reed Daniels' minor son, was driving the family station wagon on Deerfield Street. His speed was approximately 15 to 20 miles per hour and he was moving in the direction of the intersection of Deerfield and Dolphin Streets. Seated next to Kelly Daniels was his friend Ricky Dufrene. As the car was approximately 60 yards from the intersection both boys noticed *740 a long-haired bike rider in a school driveway to their left. This boy later turned out to be Michael Bruno, Randy's uncle. As the car got very close to the intersection a bicycle driven by Jeffery Champagne collided with the side of the car. Riding on the handlebars of the bicycle was Randy Bruno, plaintiff's son. Jeffery and Randy were in pursuit of Michael when the accident occurred. Young Randy Bruno broke his leg severely in the collision.
Dolphin and Deerfield Streets form a T intersection. Deerfield is the favored, right-of-way street and Dolphin St. traffic is controlled by a stop sign at the intersection. Directly across Deerfield from Dolphin Street is a church-school complex. A large six foot high hedge runs parallel to Deerfield Street, ending with an 8 to 9 foot high palm tree at the sidewalk on Dolphin. It is from behind this hedge and palm tree that the bicycle suddenly appeared.
The evidence shows that the Daniels car was moving at a slow rate of speed, and that Kelly Daniels brought the car to a stop in the center of the intersection only 10 to 15 feet from the point of impact. The bicycle, on the other hand, was traveling in the wrong lane, was moving at a fast rate of speed (for a bicycle) and failed to stop at the stop sign.
There is no pertinent conflicting evidence in this case. The sole issue on appeal is the type of duty to be placed on a driver, such as Kelly Daniels, given the circumstances he was presented. Plaintiff contends that the defendants owed him the highest degree of care because of the circumstances. These circumstances are the church-school area (an area children are known to frequent); the fact that Kelly Daniels was familiar with this area, the fact that Kelly Daniels saw other children in the area (Michael Bruno) and the fact that he knew his vision would be obstructed by the hedge. Defendants point out that the accident occurred during the summer and not during a school zone time. Kelly stated that he had reduced his speed because of the area. The evidence is also clear that none of the four boys involved in the accident saw each other prior to the impact, except perhaps a fraction of a second prior to impact.
The law as to the duty of care under such circumstances is quire clear. In the recent case of Buckles v. Fox, 296 So.2d 339 (La.App.4th Cir. 1974), this court had occasion to affirm a statement of the law made by our brethren of the First Circuit in the case of Campo v. Vampran, 183 So.2d 57 (La.App.1st Cir. 1966). In that case it was stated:
"`"The duty to exercise greater than ordinary care to avoid injury to a child does not become operative or exist in favor of such child until his presence is known or should have been known under the existing facts of the particular case to the operator or driver of a motor vehicle. The motorist, upon discovering the presence of children in his path of travel or in a position where they could become imperiled, is under a duty to exercise the highest degree of care to avoid injury to them. Each case must be adjudged on the facts peculiar to it. No one case is absolutely controlling of another, as few cases are identical factually."'"
"`Our examination of the jurisprudence shows that in practically every case where a defendant motorist was exonerated from negligence in striking a child there was proof by the motorist that the child had emerged from a concealed position.'" (Citations omitted.)
This statement points up two situations. If the driver notices children playing near the street then he is under a duty of great care as to them. If, for example, he sees children playing on the left side of the street and a child darts into his *741 path from the right, he owes that child only a duty to exercise ordinary, reasonable care, unless he should have expected the child to be in that position. The duty of great care arises only upon the driver becoming aware of the child or under circumstances where he should have been aware of the child. The facts in this case evidence no such awareness.
Plaintiff cites this court to numerous cases in which the duty placed upon the defendant was that of great care. In every case cited, except one, the defendant had seen the child playing in or near the street prior to impact. In the other case, Moore v. Mouledous, 305 So.2d 717 (La.App.4th Cir. 1974), the driver did not see the child prior to impact, however, the circumstances of that case were vastly different. In Moore the child was struck in mid-block of a school zone on a school morning. The driver had just seen two other children dart out from this same area and the driver was speeding through the school zone. Clearly, these facts call for the imposition of a duty of care greater than that imposed on the usual driver. In the present case the circumstances placed Kelly Daniels under a duty of ordinary, prudent operation of his car. There is no doubt that he discharged that duty.
Defendant has pointed out several cases very similar factually to the case at bar. We particularly note Percle v. Employers-Commercial Union Companies, 292 So.2d 314 (La.App.1st Cir. 1974), in which a motorbike suddenly appeared from behind a hedge and ran into a car. The result in Percle was the same as that adjudged by the jury in this case and we find no error in that determination.
Plaintiff makes an alternative argument in favor of the doctrine of comparative negligence. While we note that this doctrine has not been applied by the courts in Louisiana, we find this case particularly ill suited for such an argument. The great weight of the evidence shows no negligence at all on the part of defendants.
For the foregoing reasons the judgment of the trial court is affirmed. Appellant is assessed costs.
AFFIRMED.