DUFRESNE, Judge.
David Fulks, individually and on behalf of his minor son Shane, plaintiffs-appellants, bring this appeal from a jury verdict in favor of Allstate Insurance Company, defendant-appellee, in a suit involving injuries to the child resulting from his being hit by an automobile. Because we find no manifest error in the jury’s apparent determination that the driver of the car was not negligent, we affirm.
The facts are straightforward. On March 26, 1979, during the daylight hours, Mrs. Woody Hargis was driving on a residential street in Avondale. The roadway in question is 24 feet wide, and vehicles were parked intermittently on both sides of the street at the time in question. As Mrs. Hargis entered the block where the accident occurred, she noticed several children playing in the front yard on the left side of the street. She immediately took her foot off the accelerator and placed it on the brake pedal. Unfortunately, as she came parallel to a van parked on the right, three year old Shane darted out from the front of the van directly into her path. She immediately slammed on her brakes and swerved to her left, but was unable to avoid hitting him.
*746 While Mrs. Hargis was not certain of her speed, she estimated that she was traveling about 15 M.P.H. in the 20 M.P.H. speed zone. The investigating officer testified that the skid marks indicated a speed of about 12 M.P.H.
Shane suffered a broken leg, fractured hip and minor facial lacerations. His treating physician’s opinion at trial was that the child had healed completely, except for an irregularity in his walk which he anticipated would disappear within a year or two with the use of corrective shoes.
Plaintiffs filed suit against Mrs. Hargis, her husband, and their insurer, United States Fidelity and Guaranty Insurance Co., and against plaintiffs’ own underinsured motorist insurer, Allstate Insurance Co. On the day of trial the claims against the Hargises’ and USF & G were compromised for $5,000, the limit of the insurance policy at issue there, and those parties were dismissed with prejudice. Trial was had only against Allstate as underinsured motorist insurer of Fulks. The jury returned a verdict in favor of Allstate, and plaintiffs now appeal.
It is well established that a reviewing court will not disturb factual findings by a trial court unless those findings are manifestly erroneous, Canter v. Koehring, 283 So.2d 716 (La.1973). The only issue before us is therefore whether the jury was manifestly wrong in apparently deciding that Woody Hargis was not negligent, and therefore that Allstate was not liable for this claim.
Plaintiffs’ basic contention here as to factual findings is simply that the jury erred in believing testimony in defendant’s favor rather than testimony in theirs. Specifically, they first contend that the jury incorrectly disregarded testimony of David Fulks, Jr., Shane’s 13 year old brother, that the car was going 30 M.P.H. when it struck Shane. This testimony as to speed was rebutted by that of Mrs. Hargis, and her estimate of 15 M.P.H. was corroborated by the investigating officer’s calculation, based on the skid marks, of 12 M.P.H. Clearly, the jury committed no manifest error in crediting the driver’s corroborated testimony that she was traveling well below the 20 M.P.H. speed limit.
Plaintiffs next contend that David’s testimony that Shane walked across the street was erroneously rejected in favor of the driver’s testimony that the boy ran or darted into her path. While this allegation presents a closer question, we cannot say that the jury committed manifest error here. The rule of Canter v. Koehring, supra, is that where there is a conflict in testimony, reasonable evaluations of credibility should not be disturbed on review.
While we in no way impugn David’s honesty, we do not deem it unreasonable for the jury here to have discounted the testimony of a 13 year old boy, and instead believed that of a mother of two small children who expressed fears for their safety in crossing streets, who was not a party to this suit and therefore had no financial stake in its outcome, and whose overall testimony revealed no inconsistencies which might have affected her credibility.
Plaintiff’s third allegation of factual mistake is that the jury erred in apparently concluding that the van from behind which the child emerged was not so clearly an ice cream vendor’s truck as to put Mrs. Hargis on notice that children might be behind it. We again disagree. Mrs. Hargis testified that she was familiar with ice cream trucks in the area and that they typically played music to announce their presence. Her further unrefuted testimony was that no music came from this van, and that no children were visibly around it. Mrs. Fulks, Shane’s mother, corroborated that the vehicle in question was not a regular ice cream truck, but was rather “home-made” from a purple van. Under these circumstances, we find that the jury could reasonably have concluded that Mrs. Hargis had no way of knowing that the van was indeed an ice cream truck and therefore could not have anticipated that a child might suddenly appear from behind it.
Plaintiffs’ final argument is that even if the facts showed that the driver was *747 free from ordinary negligence, they clearly demonstrated that she breached the higher duty of care owing to children. While we recognize that the duty of care to children may be greater in certain circumstances, that duty arises only where the presence of a child is known or reasonably anticipated, Bruno v. Daniels, 328 So.2d 739 (La.App. 4th Cir.1976).
Here, Mrs. Hargis testified that she saw children on the left and immediately placed her foot on the brake. She did not see Shane on the right, and as already shown, had no reason to believe that the van was an ice cream truck and thus likely to be surrounded by children. Under these circumstances, we find that the higher duty of care in regard to children did not arise. As there was insufficient evidence to show a breach of the ordinary standard of care owed by a driver to a pedestrian, we hold that the jury committed no manifest error in finding Mrs. Hargis free from negligence.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.