525 So.2d 542 (1988)
Annie DORSEY, as Natural Tutrix of Her Minor Child, Denerick Dorsey, Plaintiff-Appellant,
v.
Ophelia D. WILLIAMS and Safeco Insurance Company, Inc., Defendants-Appellees.
No. 87-387.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
*543 Gary Sheffield, Alexandria, for plaintiffappellant.
Wilson & Walker, Gregory Walker, Alexandria, for defendants-appellees.
Before DOMENGEAUX and GUIDRY, JJ., and REGGIE[*], J. Pro Tem.
DOMENGEAUX, Judge.
Plaintiff-appellant, Annie Dorsey, in her capacity as natural tutrix of her minor child, Denerick Dorsey, sued the defendants-appellees Ophelia D. Williams, and her insurer, Safeco Insurance Company, Inc. for injuries Denerick sustained after he was hit by an automobile owned and driven by Mrs. Williams. From a jury verdict finding no fault on the part of Mrs. Williams and a judgment dismissing the plaintiff's suit, the plaintiff has appealed claiming that the jury committed manifest error in finding Mrs. Williams free from fault.

FACTS
At approximately 8:30 p.m. on June 23, 1984, in Alexandria, the defendant, Mrs. Ophelia Williams, then 70 years old, was driving home from a social club meeting. The weather was clear and the lighting had just gone from dusk to darkness. Mrs. Williams testified that she had turned on her headlights when she left the meeting.
After dropping off her friend, Mrs. Williams proceeded in the direction of her home. She turned onto Houston Street at an estimated speed of ten miles per hour. Houston Street is a standard two-lane thoroughfare with a speed limit of twenty-five miles per hour. Mrs. Williams accelerated to a speed of twenty miles per hour. She stated that there were several cars parked along both sides of this street. Approximately four car lengths ahead of her she observed three children, aged 10 to 11 years old, run across the street from left to right. She immediately took her foot off of the accelerator and decreased her speed to an estimated fifteen or seventeen miles per hour and veered to the center of the street so as to distance herself from the children. She did not apply her brakes. The children had run out from behind a large van which was parked along the left side of the street. Just as Mrs. Williams was passing the van, two-year-old Denerick Dorsey darted into the street directly into the path of Mrs. Williams' automobile. Mrs. Williams testified that, although she immediately applied her brakes, she could not stop in time to avoid the accident.
Mrs. Williams parked her car and remained at the accident scene until the police arrived. Although approximately *544 twenty-five people gathered around the accident scene, Officer Johnny Smith, the accident's investigating reporter, could find no adult who would claim responsibility for the child or who had witnessed the accident He compiled his report by interviewing Mrs. Williams and the three children who initially ran across the street. Mrs. Dorsey, Denerick's mother, returned home from a shopping trip a few minutes after the accident. Officer Smith designated the accident "unavoidable" and did not issue a ticket to Mrs. Williams.
Denerick sustained a closed head injury as well as other abrasions. The day after the accident he was sent to New Orleans and underwent an operation at Charity Hospital. The only long term result Denerick sustained was a surgical scar under his hairline. Denerick also suffered from infrequent headaches but these could not positively be attributed to the accident Denerick's total hospital expenses amounted to $2,609.48.
At the trial, several eye witnesses to the accident appeared to testify on behalf of Denerick, including two adults. Mrs. Theresa Austin, a neighbor of Denerick's grandparents and Mr. Hardy King, Jr., Denerick's uncle and the adult allegedly responsible for supervising Denerick on the night of the accident, claimed to have seen the entire accident. According to all of the plaintiffs witnesses Mrs. Williams did not have her headlights on when she hit Denerick. However, when questioned about other facts of the accident, the plaintiffs witnesses' testimony often varied and contradicted one another.

MANIFEST ERROR
The jury found Mrs. Williams to be free from fault in causing the accident. The plaintiffs have appealed arguing that under the established jurisprudence Mrs. Williams was held to a higher degree of care once she observed the children playing nearby, and that under the facts and the standard, the jury's finding constituted manifest error.
At the close of the trial, the jury was given the following instructions concerning the standard of care in this case;
A motorist who sees a child on or near a road is under a high degree of care and duty to anticipate that the child, possessed of limited judgment, might be unable to appreciate impending danger and is likely to be inattentive, and might suddenly place himself in a position of peril. However, the law does not make the driver an insurer of a child's safety. When driving at a lawful reasonable rate of speed and obeying the rules of the road, a driver will not be held liable when a child suddenly runs into his path from a concealed position in such a manner that the motorist cannot avoid striking the child.
If a motorist sees or should have seen a child near the street, the motorist is charged with knowledge that the child is playing or walking along the street and may unexpectedly or unpredictably leave a position of safety for one of peril. Under these circumstances a motorist is held to the highest degree of care. However, each case must be considered on the particular set of circumstances involved.
This is a correct statement of the current law. See Dufrene v. Dixie Auto Insurance Co., 373 So.2d 162 (La.1979); Keel v. Thompson, 392 So.2d 713 (La.App.3rd Cir. 1980).
As pointed out in appellant's own brief, a jury's determination of a factual issue should not be altered on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The jury was in the best position to judge the credibility of the witnesses and to resolve the factual issues in dispute in this case. Sufficient evidence was adduced at trial to allow the jury to conclude that Mrs. Williams had her lights on, was going at a reduced rate of speed (15 to 17 miles per hour), and drove into the center of the street to avoid the known children. All of these actions were commensurate with and responsive to her heightened duty of care and indicates that she was without fault in *545 causing the accident. Even had Mrs. Williams slowed down even more, a duty we do not find she owed under the facts, it is still extremely likely that she would have struck Denerick as she and several of the plaintiffs witnesses stated that he darted out into the street just at the time she was about to pass. We cannot find manifest error on the jury's part in their determination that Mrs. Williams was free from fault in causing the accident. Hence, for the foregoing reasons, we affirm the judgment of the District Court dismissing plaintiffs suit.
Costs on appeal are to be paid by the plaintiff.
AFFIRMED.
NOTES
[*] Honorable Edmund M. Reggie, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.