597 So.2d 1148 (1992)
Bret S. SCARDINA, Individually and as Administrator for Stephen Scardina
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Edwin E. Miller.
No. 91 CA 0210.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
Rehearing Denied May 28, 1992.
*1149 Dorsey C. Martin, III, Baton Rouge, for plaintiff-appellant Bret S. Scardina, Individually and as Admin'r for Minor Son, Stephen Scardina.
John W. Perry, Jr., Baton Rouge, for defendant-appellee Edwin E. Miller.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in favor of the defendants, dismissing plaintiff's suit for damages arising out of an automobile-bicycle accident.

FACTS
On September 8, 1988, at approximately 6:00 p.m., Edwin E. Miller was travelling north on North Shamrock Drive in Baton Rouge at about 10 miles per hour. At about the same time, four-year-old Stephen Scardina was apparently attempting to cross from the east side to the west side of North Shamrock Drive on his two-wheel bicycle. Miller waved at several children who were on the west side of North Shamrock Drive playing in a yard near the roadway. Within a few moments, Miller felt something bump his vehicle. Miller immediately stopped his vehicle. Miller then looked into his rear-view mirror and saw a small bicycle lying near the curb on the east side of the street. When Miller exited, he observed Stephen Scardina, whom he had apparently struck with his vehicle, lying in the roadway. This was the first time that Miller had ever observed the Scardina child. As a result of this accident, Stephen sustained serious injuries to his legs.
On June 12, 1989, Bret S. Scardina, individually and as administrator of the estate of his minor son Stephen Scardina, filed suit for damages against Miller and Miller's insurer, State Farm Mutual Automobile Insurance Company (State Farm).[1] After a trial, which was held on August 13 and 14, 1990, the jury determined that Miller was not at fault in causing the accident. As a result the trial judge rendered judgment in favor of defendants, Miller and State Farm, and against plaintiff, dismissing plaintiff's suit at his costs.
From this adverse judgment, plaintiff appeals, raising the following issues:
(1) Whether Edwin E. Miller was guilty of negligence in failing to maintain a proper lookout and observe the child Stephen Scardina near or in the street and anticipate his actions?
(2) What amount of damages is to be awarded to plaintiff upon a finding of defendant's negligence?

NEGLIGENCE OF MILLER
Plaintiff contends that the facts established at trial support a finding that Miller violated his duty of care to the Scardina child. Plaintiff reasons that the jury erred in failing to find that Miller was negligent and therefore liable for the damages sustained by plaintiff.
The following jury instruction, which was given by the trial court, accurately reflects some aspects of the duty of a *1150 driver who sees or should see children near the roadway:
A motorist who sees or should see children near the roadside must exercise a high degree of care in view of the propensity of young children to dart or run into the street, heedless of their own safety. This rule implies that, when a motorist sees or should see a child near the roadway, he must anticipate that (sic) child might suddenly dart into the street. Consequently, the motorist must bring his vehicle under such control that he can avoid injuring the child notwithstanding his youthful indiscretion. The motorist has the duty to anticipate that the child, possessed of limited judgment, might be unable to appreciate impending danger, is likely to be inattentive and might suddenly place himself in a position of peril.
See Dorsey v. Williams, 525 So.2d 542, 544 (La.App. 3rd Cir.1988).
Although the duty of a driver charged with the knowledge of children near the roadway is heightened, the duty is not limitless. Upon seeing children near the roadside, a motorist is expected to react appropriately, but a driver does not necessarily have a duty to stop. Ordon v. Nash, 411 So.2d 1111, 1113 (La.App. 4th Cir.) writ denied, 415 So.2d 941 (La.1982). Motorists driving near children are charged with a high degree of care, but the driver is not an insurer of every child's safety. Dorsey v. Williams, 525 So.2d at 544.
When a driver has employed all reasonable precautions to avoid an accident, and a sudden act of a child creates an emergency rendering it impossible for the motorist to avoid striking the child, the accident is considered unavoidable and the motorist is not liable. Keel v. Thompson, 392 So.2d 713, 717 (La.App. 3rd Cir.1980). In other words, if a motorist is proceeding at a lawful and reasonable rate of speed, maintaining a proper lookout, and otherwise obeying the rules of the road, he will not be held liable for injuries to a child who suddenly darts or dashes into the path of his vehicle from a concealed position in such a way that an accident cannot be avoided. Keel v. Thompson, 392 So.2d at 717. See also Dorsey v. Williams, 525 So.2d at 544-45. Each case must be considered in light of its particular set of circumstances. Dorsey v. Williams, 525 So.2d at 544.
In Bruno v. Daniels, 328 So.2d 739 (La. App. 4th Cir.1976), our brethren of the Fourth Circuit determined that a driver who is aware of children on one side of the roadway is not necessarily held to have seen children on the other side of the roadway. The court stated:
If the driver notices children playing near the street then he is under a duty of great care as to them. If, for example, he sees children playing on the left side of the street and a child darts into his path from the right, he owes that child only a duty to exercise ordinary, reasonable care, unless he should have expected the child to be in that position. The duty of great care arises only upon the driver becoming aware of the child or under circumstances where he should have been aware of the child.
Bruno v. Daniels, 328 So.2d at 740-41.
In the instant case, sufficient evidence was adduced at trial to allow the jury to conclude that Miller was exercising a heightened degree of care. The evidence showed that, as Miller came around the slight curve in the road, he observed the group of children playing ball, waved to them, and then looked ahead again. At the time of the accident, Miller was travelling at the reduced rate of speed of ten miles per hour (although the speed limit in that area was 20 miles per hour). Although Miller saw the children playing in a yard on the west side of the street immediately before the accident, he did not see Stephen Scardina who was somewhere on the east side of the street.
There were no witnesses to the accident. No proof was adduced as to the location of the Scardina child prior to the accident. Stephen was too young at the time of trial to testify. Stephen's mother, Sonya Scardina, testified that, less than five minutes before the accident, she left her son playing inside a nearby neighbor's home and returned to her own home. During the moments after Sonya Scardina returned home, Stephen apparently returned home, *1151 picked up his bicycle, and was attempting to return to the neighbor's home when the accident occurred.
Further, the evidence established that Miller did not strike the Scardina child, but that the bicycle struck the passenger side of the Miller truck. The police officer who investigated the accident testified that the bicycle hit the right front quarter panel of the vehicle.
After carefully reviewing the entire record and the jurisprudence, we find that the evidence adduced at trial was sufficient for the jury to have concluded that Miller was exercising the appropriate heightened degree of care and that the accident, while tragic, was unavoidable. The jurisprudence is clear that an appellate court should not alter a jury's determination of a factual issue absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). See also Sutton v. Duplessis, 584 So.2d 362, 366 (La.App. 4th Cir.1991). We cannot find manifest error in the jury's determination that Miller was not at fault in causing the accident.
Because of our finding on the issue of negligence, we find it unnecessary to address the issue of damages.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff is assessed with the costs of this appeal.
AFFIRMED.
NOTES
[1] Various pleadings were filed by defendants, none of which are pertinent to the issues raised in the instant appeal.