221 So.2d 304 (1969)
Robert P. GLASS
v.
VISTA SHORES CLUB.
No. 3433.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1969.
Reed, Reed & Reed, Floyd J. Reed, New Orleans, for plaintiff-appellant.
Zibilich & Mouledoux, Robert J. Zibilich, New Orleans, for defendant-appellee.
Before YARRUT, CHASEZ and BARNETTE, JJ.
*305 BARNETTE, Judge.
This is an appeal by the plaintiff from a judgment maintaining defendant's motion for summary judgment and dismissing plaintiff's suit.
The plaintiff, Robert P. Glass, alleged that he purchased a 25-year debenture note from the defendant, Vista Shores Club of New Orleans, a corporation, on April 15, 1960, for the sum of $1,250. By the terms of the note, Vista Shores Club promised to pay to plaintiff, on or before April 15, 1985, the sum of $1,250 with 8-percent interest from maturity.
In his brief original petition, plaintiff alleged that a letter from the club, addressed to him by the secretary, notified him of the cancellation of his membership in the club. The debenture note and the secretary's letter are attached to his petition and made a part thereof by reference. His petition concludes with the following prayer:
"* * * petitioner prays that the defendant be duly cited to appear and to answer this petition and that after due proceedings had, there be judgment herein in favor of your petitioner, Robert P. Glass, and against the defendant, Vista Shores Club, in the full and true sum of $1,250.00, together with interest thereon from date of judicial demand until paid and for all costs of these proceedings."
The defendant filed a motion for summary judgment and obtained an order from the court fixing the motion for hearing on rule for June 21, 1968. The motion for summary judgment merely states, "* * * that the pleadings on file show that there is no genuine issue as to material fact; and further show that plaintiff's petition fails to disclose a cause of action * * *."
On the day fixed for trial of the rule the plaintiff filed a supplemental and amending petition in which he alleged that he purchased the debenture note on the representation that he would receive certain benefits from club membership which he has never received. He alleged that defendant had called upon him for an additional payment of $750 as a condition for continuing his club membership. There is no allegation that this was or was not a part of his contractual obligation. He alleged defendant's discrimination against him; violation of certain representations and breach of a club resolution regarding certain rights which he claimed were due him as a result of his having been transferred from the City of New Orleans. His supplemental and amending petition concludes with a prayer "reiterating the prayer of his original petition * * *." He attached to the supplemental petition a supporting affidavit and certain letters and resolutions.
After a hearing on the motion it was maintained and summary judgment in favor of the defendant was granted dismissing plaintiff's suit. Plaintiff appealed.
It might be argued with some merit that plaintiff's original petition appears to be an attempt to enforce payment of a note which on its face is not due. This interpretation is fortified by the prayer which we have quoted above.
Plaintiff's so-called "amending and supplemental petition" is more correctly supplemental only since it contains additional allegations without amending the original petition in any respect. The original petition consists of articles numbered 1 to 3 and the supplemental petition consists of articles numbered 4 to 14. It was timely filed. LSA-C.C.P. art. 1151.
When the two petitions are read together, as one, they may reasonably be interpreted as being a suit for rescission of contract on account of failure of consideration and its alleged breach by defendant. The adoption of the prayer of the original petition, which merely seeks a money judgment without mention of rescission of the *306 contract, was to some extent misleading and not indicative of the object of the suit. The return of the price paid for the debenture would, of course, be a necessary element of rescission and to that extent the prayer was not improper.
When plaintiff's petitions are interpreted as being a suit for the rescission of a contract and the return of the price paid, the allegations of failure of consideration and breach of contract by defendant do present genuine issues of material fact. The defendant therefore is not entitled to a summary judgment is a matter of law. LSA-C.C.P. art. 966.
In considering a motion for summary judgment, the court will not inquire into the merits of the case or be influenced by the probable result after trial but will treat the allegations as true for the purpose of determining if genuine issues as to material fact do exist. Furthermore, summary judgment is not to be used as a substitute for a trial and should be granted only in situations where it is clearly within the provisions of LSA-C.C.P. art. 966. Joiner v. Lenee, 213 So.2d 136 (La.App.3d Cir.1968); Grace v. Morales, 210 So.2d 60 (La.App.1st Cir.1968); Green v. Southern Bell Telephone & Telegraph Co., 204 So.2d 648 (La.App.3d Cir. 1967); Vallier v. Aetna Finance Company, 152 So.2d 112 (La. App.3d Cir.1963); Haspel v. Treece, 150 So.2d 120 (La.App.4th Cir.1963).
We have attempted to find plaintiff's meaning and intent and the object of his suit according to the intent of our procedural laws that pleadings be liberally construed to the end that the pleader have his day in court and the ends of justice be best served. Succession of Smith, 247 La. 921, 175 So.2d 269 (1965); Hollier v. Fontenot, 199 So.2d 600 (La.App.3d Cir. 1967); Capuder v. Misko, 177 So.2d 592 (La.App. 3d Cir. 1965); Cuccia v. Pratt Farnsworth Inc., 155 So.2d 41 (La.App.4th Cir.1963); LSA-C.C.P. arts. 854, 865, 5051.
Furthermore, LSA-C.C.P. art. 2164 completely rejects the "theory of the case doctrine" and the plaintiff should not be denied his day in court because the prayer of his petition implies the erroneous theory of suit for payment of a note, which on its face is not due.
This opinion is not to be construed as passing upon any question except summary judgment. Neither the plaintiff nor the defendant is precluded from such further pleadings as may be appropriated and in conformance with procedural laws.
The judgment appealed from is annulled, the motion for summary judgment is denied, and the case is remanded to the trial court for further proceedings according to law.
The defendant is cast for the cost of this appeal. All other costs shall be assessed after trial on the merits and consistent with the judgment rendered.
Judgment annulled; remanded.