336 So.2d 1074 (1976)
Leona Martin, wife of/and Cecil S. COSSE, Sr.
v.
SCHWEGMANN BROTHERS GIANT SUPERMARKETS and Fireman's Fund Insurance Company.
No. 7567.
Court of Appeal of Louisiana, Fourth Circuit.
July 29, 1976.
Dillon & Williams, C. T. Williams, Jr. and Robert E. Birtel, New Orleans, for Schwegmann Bros. Giant Supermarkets, Inc., and Associated Indemnity Corp. of San Francisco, California.
Phelps, Dunbar, Marks, Claverie & Sims, Edmond Phelps, II, New Orleans, for Robert Rogers, Specialty Food Sales, Inc., and Aetna Ins. Co.
Before SAMUEL, LEMMON and BEER, JJ.
LEMMON, Judge.
The issue in this appeal from a summary judgment dismissing a third party demand is whether there was a genuine issue of material fact.
Plaintiff slipped and fell in a supermarket operated by Schwegmann Bros. Giant Super Markets, Inc. In the ensuing litigation Schwegmann Bros. and its insurer filed two third party demands. The one against the appellees (Specialty Food Sales, Inc., its employee, Robert Rogers, and its insurer) alleged that Rogers had spilled cooking oil on the floor and had failed to barricade the area of the spill or to take steps to insure the safety of its customers. The other third party demand against Hunt-Wesson Foods, Inc. and its employee, Charles Weirbel, asserted the same allegations about Weirbel.
After several discovery depositions Specialty Food and Rogers moved for summary judgment, filing Rogers' deposition in support of the motion. In the deposition Rogers testified: On the day of the accident he and two other employees of Specialty Food, along with several pickle salesmen from other companies, were rearranging the pickle section in the supermarket. They were removing jars of pickles from the *1075 shelves and placing them in shopping carts lined up in the center of the aisle. At the same time other salesmen were rearranging the cooking oil section, which was adjacent to the pickle section. He had no responsibility for rearranging the cooking oil section and had never arranged a cooking oil display in that store. The store manager discovered oil dripping from one of the carts, but he (Rogers) did not know what caused the oil to spill and to form a puddle (the size of an ashtray) on the floor about 15 feet from where he was working. The manager barricaded the area with shopping carts and called a porter. Shortly thereafter, plaintiff slipped and fell at the location of the oil spill. Neither he nor the other Specialty Food employees had moved any of the carts in the vicinity of the oil spill.
Schwegmann and its insurer filed nothing in opposition to the motion, which was ultimately granted.
The summary judgment procedure is designed principally to decide issues of law in cases where the material facts are not in dispute. The procedure is therefore seldom appropriate in those negligence cases in which the decision turns on a determination of whether or not a defendant's conduct constitutes a tort, since such a determination almost always involves a factual dispute. Nevertheless, the procedure may be useful to one of multiple defendants in seeking dismissal, without a trial on the merits, after the operative facts of the accident have become fairly well established by investigation and discovery procedures. See Continental Cas. Co. v. McClure, 313 So.2d 260 (La.App. 4th Cir. 1975).
In the present case plaintiff sued the supermarket operator and later joined parties who may have been responsible for causing the hazard.[1] After discovery Specialty Food, Rogers and their insurer sought dismissal on the basis that no facts existed to indicate Rogers either caused the spill or contributed in any way to causing the injury. Schwegmann Bros. neither sought additional time for investigation nor asserted any factual basis for holding Rogers liable. Under these circumstances, and under the facts established by Rogers' deposition, third party defendants are entitled to judgment as a matter of law.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] Plaintiff joined Specialty Food, Rogers and their insurer as defendants after the third party demand, but voluntarily dismissed these parties after discovery was completed.