406 So.2d 271 (1981)
Billy Lee BERTRAND, Plaintiff-Appellant,
v.
HOWARD TRUCKING COMPANY, INC., Defendant-Appellee.
No. 8425.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Writ Denied January 8, 1982.
Levingston, Tynes & Liles, Maurice L. Tynes, Lake Charles, for plaintiff-appellant.
A. D. Barnes, Jr., New Orleans, Roy & Forrest, Alex A. Lopresto, New Iberia, for defendant-appellee.
Before GUIDRY, FORET and DOUCET, JJ.
*272 FORET, Judge.
Billy Lee Bertrand brought this tort action against defendant, Howard Trucking Company, Inc., to recover damages for personal injuries he sustained in an oil field related accident. Defendant, after answering plaintiff's petition, filed a motion for summary judgment, which was granted by the trial court. The trial court's judgment dismissed plaintiff's suit. The sole issue presented is whether it properly granted the motion for summary judgment.

FACTS
Plaintiff was injured on January 3, 1978, while employed by Progress Drilling Company (Progress) as a driller. Plaintiff and his crew were dismantling a drilling rig located in Acadia Parish at the time. Defendant, pursuant to an oral contract with Progress, had provided a large crane to assist in this operation and also provided the trucks necessary to transport the rig to its new location around Gonzales, Louisiana.
Three large motors connected together supplied power to the rig, and it was necessary to remove them from it, one at a time, prior to loading them on trucks. The first motor was successfully detached and removed and plaintiff and his crew proceeded to the second motor. Defendant's crane was positioned to lift that motor and plaintiff helped attach cables from the crane to it. Apparently, it was sometimes necessary for the crane operator to shake a motor with the crane in order to detach it from the others, and this had to be done with the second motor. Plaintiff had stepped off the second motor and was watching the operation from another part of the rig when he noticed that the crane operator was having trouble detaching them. He then climbed back down to the second motor to attach another cable to it, which led to a winch on the crane. At approximately the same time, as plaintiff stepped down onto a small platform attached to the motor not being handled, both motors moved and plaintiff was thrown to the ground. The movement of the motors also caused a section of a steel stairway to dislodge, which then fell on top of plaintiff, causing him serious injury.
Plaintiff alleges that defendant's crane operator had operated the crane in a negligent manner, causing him to suffer serious personal injuries[1]. Defendant alleged in its motion for summary judgment that its employees were "borrowed employees" of Progress (appellant's employer at the time of the accident) and were considered to be co-employees of appellant. Thus, appellee argued that appellant's exclusive remedy was that provided under the workmen's compensation statutes. In the alternative, defendant alleged that the pleadings, depositions, interrogatories, admissions, and sworn affidavits filed in the record showed conclusively that its employees were in no way negligent and, therefore, it could not be held liable to appellant. Thus, defendant argued that there existed no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. The trial court agreed and granted the motion, and also granted appellant's motion for a devolutive appeal from the judgment[2].

SUMMARY JUDGMENT
LSA-C.C.P. Article 966[3] provides that a motion for summary judgment shall be rendered *273 forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc. 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers' Surplus Line Insurance Company v. City of Baton Rouge, 362 So.2d 561 (La.1978).
Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because there exists a genuine issue as to certain material facts. Plaintiff relies on his affidavit filed in opposition to the motion for summary judgment and his deposition filed into the record as setting forth facts showing that there is a genuine issue for trial. Specifically, appellant alleges therein that appellee's crane operator negligently lifted the motor, to which the crane was attached, an excessive distance which placed a bind on the pins connecting it to the motor on which he was standing. He argues that this caused both motors to move in a sudden and unexpected manner causing the accident which injured him.
The summary judgment procedure is designed principally to decide issues of law in cases where the material facts are not in dispute. The procedure is therefore seldom appropriate in negligence cases in which the decision turns on a determination of whether or not a defendant's conduct constitutes a tort. Such a determination usually involves a factual dispute. Cosse v. Schwegmann Brothers Giant Supermarkets, 336 So.2d 1074 (La.App. 4 Cir. 1976); Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4 Cir. 1975).
In the instant case, the decision turns on whether the conduct of the crane operator, in lifting the motor to which the crane was attached, and the causing of both that motor and the one on which appellant was standing to move, constitutes a tort. Our review of the record leads us to conclude that a genuine issue exists with respect to this material fact. Thus, we find that the trial court improperly granted appellee's motion for summary judgment on the issue of negligence.
For the above and foregoing reasons, the judgment of the trial court is reversed and this case is remanded for further proceedings.
All costs of this appeal are assessed against defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff testified that he suffered the following injuries: a punctured lung, severed kidney, contusion and broken ribs and multiple fractures up and down his back. Plaintiff also testified that his gall bladder and spleen were completely removed, as was a part of his liver.
[2] The trial court did not decide the issue of whether plaintiff was a borrowed employee of Progress, but, rather, decided that defendant was not negligent.
[3] "Art. 966. Motion for summary judgment; procedure

The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."