425 So.2d 358 (1982)
Malinda Ann KING, Individually, and as Natural Tutrix of Her Minor Son, Michael A. KING, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellee.
No. 82-402.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
Writ Denied February 23, 1983.
Reeves & Owens, Jack F. Owens, Jr., Harrisonburg, for plaintiff-appellant.
Cecil Gill Smith, Jr., Natchez, Miss., Kostelka, Swearingen & Street, Robert W. Kostelka, Monroe, for defendant-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
*359 DOMENGEAUX, Judge.
Plaintiff, Malinda Ann King, filed this tort action against Henry Wright, Jr., the Town of Jonesville, Louisiana, and Commercial Union Insurance Company, for injuries sustained by her minor son, Michael A. King, when he was hit by a truck on April 25, 1978. Subsequently, she amended her petition, dismissing Henry Wright, Jr. and the Town of Jonesville, Louisiana, and maintaining the suit against the insurance company as the liability insurer for the Town of Jonesville for damages totalling $600,000.00.
The case was tried before a jury. At the close of the plaintiff's case the defendant moved for a directed verdict, which was granted by the trial judge. Subsequently, the plaintiff's motion for a new trial was denied, whereby she appealed to this Court.
The facts involved in this dispute are very sketchy. Apparently, Michael King was playing in a ditch in front of his house when he decided to cross the street on his "big wheel" in order to talk to a friend. He was then struck by a vehicle which allegedly was being driven by Henry Wright, Jr. Subsequently, the boy was pulled out from underneath the truck by Mr. Wright and was driven by Wright and Mrs. King to Catahoula Hospital for treatment.
Plaintiff's counsel attempted to prove how the accident occurred by calling as witnesses the plaintiff, her injured son, and one Jesse James Atkins. The plaintiff and Atkins both testified that they did not actually see the accident occur but arrived on the scene shortly thereafter. Michael King testified that he didn't remember seeing a truck prior to being struck and injured. Mrs. King did state that a neighbor who lived across the street from her did see the accident but that individual was never called to testify during the plaintiff's case.
Mr. Atkins averred that he saw the truck immediately before the accident and that it appeared to him to be travelling no faster than 10 miles per hour. However, he was unable to describe where the truck collided with the child since he did not see the accident occur. Atkins identified the truck as a "town truck", one that was owned and operated by the Town of Jonesville. However, he couldn't identify the driver of the vehicle at the time of the accident.
Towards the close of the plaintiff's case, she attempted to call Henry Wright as a witness on cross-examination. The defendant objected to this, based on the fact that Wright was no longer a party-defendant in the action and could not be called on crossexamination unless the plaintiff could prove some hostility on the part of the witness. The trial judge sustained the defendant's objection. The plaintiff then chose to rest her case rather than call Henry Wright on direct examination.
In the trial judge's Per Curiam dated November 5, 1981, he states that the defendant's motion for a directed verdict was granted because the court was of the opinion that the plaintiff had presented no evidence showing that Michael King's injuries were caused by the fault or negligence of anyone, much less the defendant or anyone for whom it was responsible. The trial judge also seemed influenced by the fact that the plaintiff had not proven that Henry Wright was the driver of the truck, that the truck was owned by the Town of Jonesville, and that Henry Wright was acting within the course and scope of his employment such that Commercial Union Insurance Company could be held liable.
Mrs. King appealed this judgment, arguing that the trial judge erred in granting defendant's motion for a directed verdict. She alleges that the judge was mistaken in holding that no facts were presented upon which the jury could find the defendant liable. She also claims that the court erred in determining that there were no facts introduced which demonstrated a connexity between the driver of the truck and Commercial Union Insurance Company. On the contrary, she argues that despite the existence of such facts, that the insurance company must bear the burden of demonstrating that the driver of the truck was not covered by the insurance policy on the Town of Jonesville by proving such lack of coverage as an affirmative defense.
*360 La.C.C.P. Article 1810(A) describes the motion for a directed verdict in a jury case:
"A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury."
This Court cited the proper standard for applying La.C.C.P. Article 1810(A) in Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979):
"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
Professor Frank L. Maraist of the Louisiana State University Law Center suggests the process that should be employed in applying the Campbell standard in 40 La.Law Review 761 (1980), at page 772:
"In applying the standard, the judge's thought process should proceed in this fashion: (1) what are the primary facts, i.e., the elements of plaintiff's cause of action; (2) is there direct evidence to support each primary fact, i.e., the testimony of a witness with the opportunity for firsthand knowledge testifying as to the existence of such fact; or (3) is there testimony of witnesses, with the opportunity for firsthand knowledge, as to the existence of circumstances from which a reasonable mind could infer the primary facts? If there is direct evidence, or sufficient circumstantial evidence, as to each primary fact, the motion for directed verdict should be denied; if not, it should be granted."
Plaintiff's cause of action is based on negligence, thus she must establish "fault" on the part of the defendant's alleged insured. Plaintiff must show that there is a duty owed by the defendant or by someone for whom the defendant is answerable to the plaintiff, that there was a breach of this duty, and that this breach of duty is the cause in fact of the damages suffered by the plaintiff. Williams v. Louisiana Machinery Company, Inc., 387 So.2d 8 (La.App. 3rd Cir.1980).
The jurisprudence of this State places a high degree of care upon a motorist who sees a child on or near the road and imposes upon him a duty to anticipate that the child, possessed of limited judgment, might be unable to appreciate impending danger, is likely to be inattentive, or might suddenly place himself in a position of peril. Buckley v. Exxon Corporation, 390 So.2d 512 (La.1980); Dufrene v. Dixie Auto Insurance Co., 373 So.2d 162 (La.1979).
However, in Keel v. Thompson, 392 So.2d 713 (La.App. 3rd Cir.1980), this Court stated:
"... the duty to exercise greater than ordinary care to avoid injury to a child arises only upon the motorist becoming aware of the child or under circumstances where he should have been aware of the child. In other words, unless the motorist knows or has reason to know that a child is in the vicinity of the street, his duty is to use ordinary care and caution in the operation of his vehicle." *361 Thus, the degree of duty that the driver was bound to maintain in the present case depends upon whether or not he knew or should have known that a child was in the vicinity of the street. Based upon the small amount of evidence presented here, we are unable to determine whether or not the driver was obligated to use a high degree of care or simply ordinary care in the operation of the vehicle at issue.
But regardless of the degree of duty assigned to the driver, the plaintiff must provide direct or circumstantial evidence demonstrating that the driver breached his duty. We are of the opinion that no such evidence was introduced by the plaintiff. In absence of these facts, we feel that it would be unreasonable to attribute any fault to the driver of the truck, regardless of his identity.
The plaintiff argues that based simply on the circumstances of the accident, that the driver should be presumed to have been negligent. However, we are unable to agree with this proposition. Rather, we adhere to the standard applied by this Court in Keel, supra:
"While the law imposes a high degree of care upon a motorist operating a vehicle on streets and highways in the vicinity of small children, a driver is not the insurer of the safety of children playing near or along a street or highway. If a motorist is proceeding at a lawful and reasonable rate of speed, maintaining a proper lookout, and otherwise obeying the rules of the road, he will not be held liable for injuries to a child who suddenly darts or dashes into the path of his vehicle from a concealed position in such a way that an accident cannot be avoided. When a driver has employed all reasonable precautions to avoid an accident and a sudden act of a child creates an emergency rendering it impossible for the motorist to avoid striking the child, the accident is considered unavoidable and the motorist is not liable."
We cannot determine what caused the accident to occur based upon the facts presented in the plaintiff's case. Mr. Atkins did state that he didn't recall seeing any parked cars in the vicinity of the accident after it had occurred. But he also testified that the truck was traveling at a slow rate of speed just prior to the accident, estimating that it was only going about 10 miles per hour. Atkins further averred that he didn't know at what spot in the road the truck hit the boy. There is simply no way to conclude that the driver was at fault based upon this testimony.
The plaintiff had an opportunity to call the one witness that could have shed some light on the dispute, Henry Wright, during her case. The trial judge correctly upheld the defendant's objection to the plaintiff's attempt to call Mr. Wright under cross-examination since Wright was not a party to the litigation or a representative of a party. La.C.C.P. Article 1634. Had the plaintiff kept Wright as a party to the lawsuit, she would have retained the right to call him on cross-examination. However, she did not do this and thus cannot now be heard to complain of the Judge's ruling in this respect. In our opinion Mrs. King has failed to produce evidence opposing the motion for directed verdict of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. Campbell, supra. Thus, we have no choice but to affirm the judgment of the trial court.
Since we have determined that the plaintiff has failed to introduce evidence necessary to overcome the defendant's motion for a directed verdict, it is unnecessary for us to determine whether or not the driver of the truck would have been covered by the liability policy issued by the defendant to the Town of Jonesville.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs are assessed against the plaintiff, Malinda Ann King.
AFFIRMED.