MARVIN, Judge.
In this action for wrongful death, plaintiffs appeal a summary judgment which rejected plaintiffs’ demand against Vergo, one of three defendants alleged to have been liable in solido under CC Art. 2324.[1] We affirm.
The motion for summary judgment is supported by the deposition of Vergo and by corroborating affidavits of the other defendants, Cates and Wrozck. Plaintiffs did not file affidavits or depositions in opposition to summary judgment, but contend that Vergo’s deposition shows that a material issue of fact exists as to whether or not Vergo’s actions contributed to the alleged wrongful death. CCP Art. 966. The ultimate issue is whether the trial court was clearly wrong in finding that, as a matter of fact and of law, Vergo did not act in any way to contribute to the cause of decedent’s death.
The decedent came to Vergo’s automotive shop to obtain a vehicle he had left there several months before. The vehicle would not run properly and decedent became enraged at Vergo. Decedent stole a truck belonging to Vergo’s friend, Cates, who was visiting the shop. Cates asked for and obtained a pistol from Wrozck, another friend who was also at the shop, and fired one or more shots over the truck driven by decedent. Wrozck joined Vergo and Cates in Vergo’s truck and pursued the decedent in the stolen truck.
Decedent collided Cates’ truck with at least one vehicle and was arguing with the driver of that vehicle (Berford) after the collision when Vergo and the others in Ver-go’s truck stopped some distance away to observe the argument. Berford had a rifle with him. Decedent tried to take it away but Berford shot the rifle over the head of decedent to keep decedent from attacking him. Berford ran from the decedent to the company of Vergo, Cates, and Wrozck. Decedent then began to pursue these. four persons on foot even though he knew or should have known that one of them had a pistol and that Berford had a rifle.
Vergo fell into a ditch and decedent caught up with him, jumped on him, and began choking him until he turned “blue.” Vergo was 5'6" and weighed about 155 lbs. Decedent was 6'1" and weighed 220 lbs. *485 Cates came to Vergo’s rescue and attempted to pull decedent off Vergo and to stop decedent from choking Vergo by hitting decedent with a stick. Vergo was in a frenzy and Cates’ efforts did not faze decedent. Cates then shot decedent with a pistol one or more times and effected Vergo’s release. The shot or shots proved fatal.
Vergo managed to extricate himself from under decedent but was extremely weak and had difficulty standing because of having been choked. Neither Cates nor Wrozck was employed by Vergo. The deposition and affidavits show that they were simply friends of Vergo and that they did not conspire to act in concert against decedent, especially after they ceased pursuing decedent when he collided Cates’ truck with Berford’s vehicle.
Even should we assume that Cates used excessive and unlawful force against decedent, Vergo did not direct Cates’ rescue attempts or any other action by Cates after decedent began to pursue Cates, Vergo, Wrozck and Berford on foot. Vergo was incapable of communicating with anyone after decedent began choking him. Cates obtained the pistol used in the shooting from Wrozck and not from Vergo, even though the pistol apparently came from Vergo’s shop. This fact does not make Ver-go liable to plaintiffs.
CCP Art. 966 was amended in 1966 to not permit an adverse party in a motion for summary judgment to rely on the bare allegation of his or her pleadings. See Comment-1966, LSA-CCP, Vol. 3 Supp.
While it has been recognized that summary judgment is “seldom appropriate” for determining whether a person’s conduct legally constitutes negligence, summary judgment has been held proper to cause dismissal of one of several defendants after the operative facts have been established by discovery. See Cosse v. Schwegmann Brothers Giant Supermarkets, 336 So.2d 1074 (La.App. 4th Cir.1976). Plaintiffs simply have not disputed any material fact established by the deposition and affidavit.
Under these circumstances, summary judgment in favor of Vergo is AFFIRMED at appellee’s cost.

. LSA-CC Art. 2324 reads:
“He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
“Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution.”