DUFRESNE, Judge.
This is a suspensive appeal by plaintiff, Stanley Kirklin from a decision of the trial court, granting defendants’ Motion for Summary Judgment and dismissing plaintiff’s action. The suit is based in tort resulting from an employment injury.
The plaintiff alleges that he sustained injuries as a consequence of a battery at work by a fellow employee, Sidney Keller, Jr. while Keller was acting in his supervi *668 sory capacity. The plaintiff subsequently received workmen’s compensation benefits due to the injuries suffered. Thereafter, the plaintiff brought suit in tort against the tortfeasor, Sidney Keller, Jr. and his employer, Kaiser Aluminum & Chemical Corporation, the latter of which filed a motion for summary judgment seeking dismissal as to itself and its employee. The trial court granted the motion, holding the undisputed material facts to be in favor of the defendants. The plaintiff has perfected this appeal. The sole issue presented to this court on appeal is whether there is some genuine issue relative to a material fact in this case.
The incident giving issue to the present litigation occurred on January 5, 1980, when Sidney Keller, an employee supervisor for Kaiser Aluminum & Chemical Corporation working in the course and scope of his employment noticed a dangerous operating error on the job site. Someone had opened a valve and was putting a liquid in a pressure vessel, the bottom valve of which had not been closed.
Mr. Keller proceeded upstairs to inquire as to who was responsible for this dangerous operating error. He spotted Mr. Webster and Mr. Kirklin walking across the catwalk from the number one header to the number two header near tank 30.
Mr. Keller inquired of Mr. Webster whether he was responsible for not closing the bottom tank valve before attempting to close the vessel. Mr. Webster replied that he had not, but that Mr. Kirklin had.
Supervisor Keller then turned and commenced talking with Mr. Kirklin. Mr. Keller describes the sequence of events at this point as follows:
"... I turned, and started talking to Kirklin, and he started to walk away from me. So, I grabbed him by his arm on impulse. I didn’t pull him. I just grabbed him. I said, ‘Kirklin, I’m not finished talking to you.’ I finished talking to him and he left. He never once flinched or made any motion that I hurt him. He worked 16 hours that day, never told the foreman on the oncoming shift that he was hurt or that I had hurt him. On January 5th, which is still the same day, because we got relief at 10:00 at night or 10:30 at night we’re relieved, and I walked into the control room, and he told me he was going to have to go to his doctor because I hurt him the night before, his arm or his shoulder or something. I said, ‘Kirklin, you’ve got to be kidding.’ He said, ‘No., I’m not.’ ”
The plaintiff contends that the touching of the defendant, Sidney Keller, Jr. was more of a violent grab and pulling. Thus, the plaintiff’s version of the incident differs only as to the intensity or force of the touching, he states:
“And I was going to close the valve off and the foreman was talking to another operator at the time when I was passing by. He grabbed me and pulled me back and he said, ‘You need your job. When I’m talking to you, don’t walk away.’ But he was never talking to me. When he pulled me real hard and pulled me back. And his pulling me the night before caused some pain in my neck and back and he told me to go to work and by about an hour and 15 minutes later, he came back and said, ‘Well, I’m going to take you to the dispenser because I was supposed to take you when you first told me.’ ”
It is an undisputed material fact that the defendant, Sidney Keller, Jr. touched the arm of the plaintiff, Stanley Kirklin. Notwithstanding this fact, we must carefully examine the record and determine whether there was any intent to cause harm or injury.
The pronouncement by our Supreme Court, relative to intentional tort in an employment injury is found in Bazley v. Tortorich, 397 So.2d 475 (La.1981). In Bazley, the Supreme Court sets out what is required for an act to be intentional: the actor must either (1) desire that physical results of his act or, (2) know that the consequences are certain, or substantially certain, to result.
*669 The applicable workmen’s compensation law, LSA-R.S. 23:1032, reads in pertinent part:
“... nothing in this chapter shall affect the liability of the employer, or any officer, director, stock holder, partner or employee or principal [sic] to a fine or penalty under any statutes or the liability, civil or criminal, resulting from an intentional act...”
Thus, the exclusive nature of the workmen’s compensation remedy does not apply to intentional acts. “Intentional acts” has been construed to mean the same as “intentional tort” in reference to civil liability. Bazley, supra.
Bazley requires that the result be at least “substantially certain”. “Substantially” means: about, practically, nearly, almost, essentially or virtually. Webster’s includes “sure” and “inevitable”, among its definitions of “certain”. The language of Bazley then might be restated as “virtually sure” or “really inevitable”. We are strained to find in this case, the minimum standard as announced in Bazley.
The Supreme Court interpreted the “intentional act” exception to the immunity provided by LSA-R.S. 23:1032 to mean that the defendant, Sidney Keller, Jr., either desired to bring about the physical results of his acts or believed that they were substantially certain to follow from what he did.
As Bazley points out, “ ‘act’ refers to an external manifestation of will which must be voluntary, and ‘intent’ is present when the offender either desires the consequences of his act or when he knew that the consequences were reasonably certain to result from his act.”
After thoughtfully reviewing the record and positive law germane to this appeal, we have concluded that the conduct of the defendant, Sidney Keller, Jr., although offensive to the plaintiff, was not committed for the purpose of, nor intended to injure his fellow employee, Stanley Kirklin. Consequently, the conduct of Sidney Keller, Jr. does not fall within the purview of an “intentional act.”
With respect to the judicial soundness of granting defendants’ Motion for Summary Judgment, we find no error. LSA-C.C.P. Article 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that mover is entitled to judgment as a matter of law, Bertrand v. Howard Trucking Company, Inc., 406 So.2d 271 (La.App. 3rd Cir.1981).
It is an uncontroverted fact that the defendant, Keller touched the plaintiff, Kirklin; the only fact dispute is the intensity of the touch. Assuming this offensive act was with vigor, the question becomes was the defendant Keller substantially certain that the consequence of his act would cause injury? Our answer, after careful review, is in the negative.
The law in our State is clear, that a motion for summary judgment should be granted only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law. The burden of showing that there is not an issue of material fact is on the mover, and all doubts must be resolved against the granting of the motion for summary judgment and is favor of a trial on the merits, Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
In light of the facts in the record, and the jurisprudential rule that all doubts are to be resolved against the granting of summary judgment, we conclude that the defendants have met the burden of proving that there is no genuine issue of material fact, and the trial court was correct in granting defendants’ motion.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.