497 So.2d 1075 (1986)
Jerry Joseph LANDRY, as Administrator of the Estate of his minor son, Daniel J. Landry
v.
Monica L. STEIN, et al.
No. 86-CA-256.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
Rehearing Denied December 17, 1986.
*1076 Robert R. Faucheux, Jr. Reserve, for plaintiff-appellant.
Turner, Young & Hebbler, A Professional Law Corp., Thomas M. Young, New Orleans, for George Crossley and Jones Motor Co., Inc., defendants-appellees.
Before CHEHARDY, C.J., and KLIEBERT and NACCARI, JJ.
CHEHARDY, Chief Judge.
This is a suit by a guest passenger injured in an automobile accident. The plaintiff appeals a summary judgment dismissing his case against two of the defendants.
The accident occurred on March 19, 1983 on U.S. Hwy. 61 in Laplace. Daniel Landry was a passenger in an automobile driven by Melton Richie, which collided with a car driven by Monica Stein that was making a U-turn. The Richie car then crashed into a tractor-trailer rig parked on the side of the road. The trailer was leased to Jones Motor Company and the tractor was owned and operated by George Crossley. Landry later filed suit for personal injuries against Richie, Stein, Crossley, Jones Motor Company, Inc. and others. He alleged that Crossley was negligent in parking the truck without lights and in a "No Parking" zone and that Jones Motor Company was Crossley's employer.
Crossley and Jones moved for summary judgment, arguing that the police report on the accident established that the tractor-trailer rig was legally parked in the driveway of a service station. They asserted the position of the rig had no causal relationship to the accident, arguing, "It is abundantly clear that had the two automobiles not collided on the highway, the Richie vehicle would not have left the roadway and collided with the tractor/trailer rig."
The trial court concluded that the placement of the truck was not a cause-in-fact of the accident and that even if it were a legal cause, the duty breached clearly was not imposed to protect against the risk involved here. Accordingly, the court granted summary judgment in favor of Crossley and Jones.
We reverse, finding the trial judge based his decision on assumptions rather than on uncontested facts. There are material questions of fact that make this matter inappropriate for summary judgment.
The movers predicated their motion for summary judgment on the contents of the Uniform Motor Vehicle Traffic Accident Report prepared by the Louisiana State Police officer who investigated the accident. *1077 They attached a certified copy of the report to their motion. Movers assert the report indicates that the truck was legally parked and there were no violations. They contend that even if it had been parked illegally that would not necessarily constitute negligence.
Plaintiff opposed the motion for summary judgment by submitting an affidavit in which he stated that he felt two distinct jolts, resulting from separate impacts of the Richie car with the Stein automobile and the Crossley truck, and that he sustained severe injuries but cannot ascertain which injuries can be attributed to which impact.
On a motion for summary judgment, the mover bears the burden of clearly establishing the absence of any genuine issue of material fact and all reasonable doubts must be resolved against the mover. Wilkinson v. Husser, 154 So.2d 490 (La.App. 1 Cir.1963).
In considering a motion for summary judgment, the court may neither inquire into the merits of the case nor be influenced by the probable result after trial, but must treat the allegations as true to determine if genuine issues of material fact exist. Glass v. Vista Shores Club, 221 So.2d 304 (La.App. 4 Cir.1969). Pleadings should be liberally construed to the end that the pleader will have his day in court and the ends of justice will be best served. Id.
Although the accident report is a certified copy, it is not accompanied by an affidavit of the investigating officer. Unsworn and unverified documents are not of sufficient evidentiary quality to be given weight in determining whether there is a genuine issue of material fact. Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4 Cir.1975).
"The summary judgment procedure was primarily designed to allow a decision on legal issues without the necessity of a trial on the merits when there are really no factual issues in dispute. Thus, the procedure is rarely appropriate in a suit to determine whether or not a person's behavior constituted an actionable tort under existing circumstances, since such determination almost always involves factual disputes. * * *" Continental Casualty Company v. McClure, supra, at 262.
See also, Bertrand v. Howard Trucking Co., Inc., 406 So.2d 271 (La.App. 3 Cir. 1981).
In this case, the record leaves unanswered the following questions of fact: Where was the truck parked? Were its lights on? What caused Richie's vehicle to collide with the truck? Did the collision with the truck cause some or all of the injuries? Only after establishing these facts can the trial judge decide whether the position of the truck created a risk of harm from which the defendants had a duty to protect the plaintiff.
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded for further proceedings. All costs of this appeal are assessed against the appellees, George Crossley and Jones Motor Company, Inc.
REVERSED AND REMANDED.