642 So.2d 269 (1994)
Ethel RHODES, et al.
v.
EXECUTIVE RISK CONSULTANTS, INC., et al.
No. 26021-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
*271 Davis & Singleton by W. James Singleton, Shreveport, for appellant.
Watson, Murchison, Crews, Arthur & Corkern by Ronald E. Corkern, Jr., Natchitoches, for appellees.
Before MARVIN, LINDSAY and WILLIAMS, JJ.
WILLIAMS, Judge.
In this suit for personal injury damages as a result of an automobile-bicycle accident, the plaintiff, Ethel Rhodes, individually and as natural tutrix for her minor child, Sherhonda Shantae Rhodes, appeals a summary judgment rendered in favor of the defendants, DeSoto Parish Police Jury and Curtis Hill.[1] For the reasons assigned, we reverse the judgment of the trial court and remand this case for trial.
The sole issue presented on appeal is whether the trial court erred in granting defendants' motion for summary judgment, apparently concluding that there were no genuine issues of material fact and that, as a matter of law, the defendant motorist was not liable because the accident was unavoidable.
On August 12, 1989, Sherhonda Shantae Rhodes, a hearing impaired ten-year-old, was riding her bicycle on a dirt road leading from her home to the intersection of Highway 512 in DeSoto Parish. After visiting with her cousin at the intersection, she attempted to turn her bicycle around on the highway. A DeSoto Parish Police Jury truck, which was being driven by Curtis N. Hill, struck Sherhonda. She sustained a fractured left leg, contusions and abrasions.
In her petition, plaintiff alleged that Hill was negligent in failing to avoid this accident. *272 In response, defendants filed a motion for summary judgment asserting that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. Defendant maintained that the truck was being operated properly and the accident was unavoidable.

DISCUSSION
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.
The motion for summary judgment is a procedural device to avoid a full scale trial where there is no genuine factual dispute. The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such an issue must be resolved against granting the motion. Ouachita Nat'l Bank v. Gulf States Land & Development Inc., 579 So.2d 1115 (La.App. 2d Cir.1991), writ denied, 587 So.2d 695 (La.1991).
To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. The papers supporting the mover's position are to be closely scrutinized while the opposing papers are to be indulgently treated in determining whether mover has satisfied his burden. When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Ouachita Nat'l Bank v. Gulf States, supra.
If the supporting documents presented by the moving party are insufficient to resolve all material facts at issue, summary judgment must be denied. If sufficient, the burden shifts to the opposing party to present supporting evidence showing that material facts are still at issue. LSA-C.C.P. Art. 967. A summary judgment is not a substitute for a trial on the merits. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983).
Appellate courts review summary judgment de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
In support of their motion for summary judgment, the defendants submitted portions of the deposition testimony of the driver and an eyewitness. Hill had been employed as a police jury truck driver for about nine years, and on the day of the accident, he was driving a 1982 GMC double axle truck with eight wheels on the trailer. According to Hill, as he was proceeding west on Highway 512, he slowed his truck, pulled to the center of the road and went around several men who had left a cemetery and were walking along the shoulder of the highway. He stated it was his usual practice to slow down when driving through that area and he estimated his speed to be between 25 to 30 miles per hour. He further testified that when he "topped a hill," he saw two children, a boy and a girl, come out of the bushes at the corner of the intersection. Hill saw the boy turn back and speak to the girl who continued into the road. Hill applied his brakes and pulled to the right but was unable to stop before striking the child.
Moses Lloyd, an eyewitness to the accident, testified he had left the cemetery and was walking with his brother when the dump truck passed them. He also estimated the speed of the truck to be between 25 to 30 miles per hour. He testified the truck was in the proper lane of traffic and was being operated in a safe and proper manner. Lloyd saw one child stop and "[he] guessed the other child must have kept going [across the street]." Lloyd testified it was impossible for Hill to stop prior to striking the child because the child disregarded a stop sign and proceeded into the truck driver's lane of travel. According to Lloyd, Hill jammed on *273 his brakes and pulled to the right to avoid hitting the child.
When a motion for summary judgment is made and supported, the opposing party may not rest on the allegations or denials of his pleadings but must set forth, by affidavits or other certified papers contemplated by LSA-C.C.P. Art. 966, specific facts to show that there is a genuine issue for trial. Essentially, after the party seeking summary judgment files sufficient documentation to support the summary judgment, then the burden shifts to the party opposing summary judgment to prove that material facts exists. If the mover is entitled to summary judgment as a matter of law, then the factual issue immaterial to that result will not defeat summary judgment. Langley v. Oxford Chemicals, Inc., 559 So.2d 520 (La.App. 2d Cir.1990).
Plaintiff alleged the driver saw the child at least one-tenth of a mile before the accident and failed to take proper steps to avoid the accident. She argues that if the pedestrian witness saw the child prior to the accident then the truck driver, who was not at ground level, should have seen the child. According to the plaintiff, there is a genuine dispute as to whether the driver was exceeding the speed limit, whether he was proceeding in an unsafe speed, whether the driver took appropriate action to avoid the bicycle, whether he tried to avoid the accident by steering into the opposite lane, whether the child darted out into Hill's path and whether the driver was inattentive which prevented him from stopping his vehicle.
Plaintiff attached portions of Lloyd's deposition and a partial copy of the police report to their memorandum in opposition to summary judgment. This uncertified copy of the partial police report is not accompanied by an affidavit of the investigating officer. Therefore, it may not be considered by this court. Unsworn and unverified documents are not of sufficient evidentiary quality to be given weight in determining whether there is a genuine issue of material fact. Landry v. Stein, 497 So.2d 1075 (La.App. 5th Cir.1986).
In her opposition to the motion for summary judgment and in her appellate brief, plaintiff argues that Hill traveled over 400 feet between the time he initially saw the child and the time he applied his brakes. Attached to the plaintiff's brief is the third page of the police report which states Lloyd witnessed the accident from approximately 150 yards to the east of the collision. Neither appellate briefs nor attachments to briefs are part of the appellate record. These documents may not be considered by this court unless they have been properly introduced into evidence. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.1991), writ denied, 584 So.2d 1169 (La.1991). Nor is there any evidence to support plaintiff's argument that Hill had a clear view of the intersection for 540 feet prior to impact.
However, the jurisprudence of this State places a high degree of care upon a motorist who sees a child on or near the road and imposes upon him a duty to anticipate that the child, possessed of limited judgment, might be unable to appreciate impending danger, is likely to be inattentive, or might suddenly place himself in a position of peril. Buckley v. Exxon Corporation, 390 So.2d 512 (La.1980); Dufrene v. Dixie Auto Insurance Co., 373 So.2d 162 (La.1979).
The affidavits filed with defendants' motion for summary judgment only show that the driver saw the two children at some point prior to the time that the child entered the roadway. Thus, a material factual dispute existed as to whether there was sufficient time for the driver to stop his vehicle and avoid the accident.
The defendants cite a number of cases for the proposition that a driver proceeding in a lawful manner will not be liable if a child dashes into his path and the accident is unavoidable. However, all of those decisions resulted after trials on the merits. See Scardina v. State Farm Mutual Automobile Ins. Co., 597 So.2d 1148 (La.App. 1st Cir.1992), writ denied, 604 So.2d 1004 (La.1992); Dorsey v. Williams, 525 So.2d 542 (La.App. 2d Cir.1988); King v. Commercial Union Insurance Co., 425 So.2d 358 (La.App. 3d Cir. 1982), writ denied, 429 So.2d 146 (La.1983); Keel v. Thompson, 392 So.2d 713 (La.App. 3d *274 Cir.1980); Bruno v. Daniels, 328 So.2d 739 (La.App. 4th Cir.1976).
In deciding whether all genuine issues of material fact have been disposed of, any doubt must be resolved against the grant of summary judgment and in favor of the trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Reese v. Tayco Food Store, Inc., 602 So.2d 260 (La.App. 2d Cir.1992); Hakim v. Albritton, 552 So.2d 548 (La.App. 2d Cir.1989).
The summary judgment procedure is principally designed to decide issues of law in cases where the material facts are not in dispute. The procedure is therefore rarely appropriate in those negligence cases in which the decision turns on a determination of whether or not a defendant's conduct constitutes a tort, since such a determination almost always involves a factual dispute. Reese v. Tayco, supra; Hakim v. Albritton, supra; Bertrand v. Howard Trucking Company, Inc., 406 So.2d 271 (La.App. 3d Cir. 1981), writ denied, 410 So.2d 763 (La.1982); Cosse v. Schwegmann Brothers Giant Supermarkets, 336 So.2d 1074 (La.App. 4th Cir. 1976); Continental Casualty v. McClure, 313 So.2d 260 (La.App. 4th Cir.1975).
In a negligence case, a defendant is only entitled to a dismissal by means of summary judgment if the record is completely devoid of any suggested basis for the defendant's liability after the opposing party has had an opportunity to develop the evidence. The documents supporting summary judgment are to be closely scrutinized while those opposing it are to be treated indulgently. Cooper v. Ceco Corp., 558 So.2d 1355 (La.App. 4th Cir.1990).
Although plaintiffs supplied little reviewable documentation to oppose the summary judgment, this record is not devoid of any suggested basis for defendants' liability. Real doubt as to existence of material fact cannot be excluded. At issue is whether the driver was negligent because he saw or should have seen the child in sufficient time to avoid the accident. Specifically, unresolved factual issues in dispute are the distance between the truck and the child when the driver first saw her and whether the driver was inattentive or distracted by the pedestrians walking along the shoulder of the highway. The trial court erred in granting summary judgment. The judgment is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Executive Risk Consultants, Inc., the Police Jury's liability insurer, was dismissed from the action on an exception of no cause of action.