664 So.2d 1225 (1995)
Nellie BURRIS
v.
Raymond Charles VINET and His Insurer XYZ Insurance Company.
No. 95 CA 0668.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*1226 Nicolas Estiverne, New Orleans, for Plaintiff/Appellant, Nellie Burris.
Denise A. Vinet, Baton Rouge, for Defendant/Appellee, Raymond Charles Vinet, et al.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
*1227 CARTER, Judge.
This is an appeal from a trial court judgment, granting a motion for summary judgment in an action for legal malpractice.

FACTS
On December 27, 1991, plaintiff, Nellie Burris, and defendant, attorney Raymond C. Vinet (Vinet), entered into an employment contract wherein Vinet agreed to pursue a worker's compensation claim on behalf of plaintiff. The employment contract contained a clause indicating that neither plaintiff nor Vinet could enter into a settlement of the claim without the consent of the other.
On December 14, 1992, Vinet forwarded a letter to Charlene Laizer (Laizer), the adjuster with Crawford & Company who was handling plaintiff's worker's compensation claim, confirming a settlement of $22,000.00. However, the letter contained a postscript, noting that the settlement was "TENTATIVE." Plaintiff subsequently notified Vinet that she did not wish to settle her claim, and Vinet immediately canceled the settlement. Thereafter, plaintiff terminated Vinet's services.
On February 8, 1993, Vinet sent a letter to plaintiff's new attorney regarding the protection of Vinet's attorney's lien. The letter contained a paragraph, which provided as follows:[2]
In conclusion, I did all in my power to vigorously represent Mrs. Burris, and I did nothing wrong to cause her to terminate me. In my opinion, her big problem with her case is her low before injury wage and her failure to accept the objective evaluations of her case by her doctors.
A copy of the letter was forwarded to Laizer at Crawford & Company.
On October 25, 1993, plaintiff filed a legal malpractice action against Vinet, claiming that Vinet entered into a settlement of her worker's compensation claim without her consent. Plaintiff also contended that Vinet denigrated her worker's compensation claim by making the statement in the February 8, 1993, letter, which was forwarded to the adjuster, that she failed to accept the objective evaluations of her physician.
On June 23, 1994, Vinet filed a motion for summary judgment, claiming that there were no genuine issues of material fact in dispute and that he was entitled to judgment as a matter of law for the following reasons: (1) he did not settle plaintiff's claim without her consent; and (2) he did not denigrate plaintiff's claim by advising the adjuster that plaintiff failed to accept the objective evaluations of her physician. Attached to Vinet's motion for summary judgment were the affidavit of Vinet; the affidavit of his secretary, Kathy Whittington; the affidavit of his paralegal, Robin Lawton; the affidavit of the insurance adjuster, Laizer; the deposition of plaintiff; and various other documents. In opposition to the motion for summary judgment, plaintiff submitted her affidavit and the deposition of Vinet.
On August 22, 1994, a hearing was held on the motion for summary judgment. On August 31, 1994, the trial court rendered judgment in favor of Vinet, dismissing plaintiff's claims at her costs. Plaintiff appealed from the adverse judgment, assigning as error the trial court's grant of Vinet's motion for summary judgment.
In his appellate brief, Vinet requests damages and attorney's fees for having to defend this suit. However, because Vinet did not appeal or answer the appeal, these issues are not properly before us.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. *1228 art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La. 1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991).
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear as to what the truth is and excludes any real doubt as to the existence of material fact. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120. The court must closely scrutinize the documents supporting the position of the mover, while the documents of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. LSA-C.C.P. art. 967.
Summary judgments are not favored and should be used cautiously and sparingly. Penalber v. Blount, 550 So.2d at 583. In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This is true even if grave doubt exists as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
The summary judgment procedure is designed principally to decide issues of law in cases where material facts are not in dispute. The procedure is, therefore, seldom appropriate in negligence cases in which the decision turns on a determination of whether or not a defendant's conduct constitutes a tort. Such a determination usually involves a factual dispute. Rhodes v. Executive Risk Consultants, Inc., 26,021, p. 5-6 (La.App. 2nd Cir. 8/17/94); 642 So.2d 269, 274; Hakim v. Albritton, 552 So.2d 548, 551 (La.App. 2nd Cir.1989); Bertrand v. Howard Trucking Company, Inc., 406 So.2d 271, 273 (La.App. 3rd Cir.1981), writ denied, 410 So.2d 763 (La.1982). In a negligence case, a defendant is only entitled to a dismissal by means of summary judgment if the record is completely devoid of any suggested basis for defendant's liability after the opposing party has had an opportunity to develop the evidence. Rhodes v. Executive Risk Consultants, Inc., 642 So.2d at 274; Reese v. Tayco Food Store, Inc., 602 So.2d 260, 263 (La.App. 2nd Cir. 1992).
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun *1229 Belt Constructors, Division MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988).
In examining the question of whether an attorney has committed legal malpractice, the court must consider that an attorney has a duty to exercise at least that degree of care, skill, and diligence exercised by prudent attorneys practicing in his community or locality. He is not required to exercise perfect judgment in every instance, but his license to practice and his contract for employment hold out to a client that he possesses certain minimal skills, knowledge, and abilities. Morgan v. Campbell, Campbell & Johnson, 561 So.2d 926, 929 (La.App. 2nd Cir.1990).
To assert a claim for legal malpractice, a client must demonstrate that there was an attorney-client relationship, that the attorney was guilty of negligence or professional impropriety in the relationship with the client, and that the attorney's misconduct caused the client some loss. Ault v. Bradley, 564 So.2d 374, 376 (La.App. 1st Cir.), writ denied, 569 So.2d 967 (La.1990); Braud v. New England Insurance Company, 534 So.2d 13, 14 (La.App. 4th Cir.1988), reversed on other grounds, 576 So.2d 466 (La.1991).
Thus, in the instant case, Vinet, as the mover for summary judgment, had the burden of showing that there were no genuine issues of material fact in dispute as to whether he was negligent in his relationship with plaintiff and, if so, whether his misconduct caused plaintiff some loss.[3]
With regard to plaintiff's claim that Vinet committed malpractice by settling her claim without her consent, the record reveals that the contract for employment between Vinet and plaintiff provides, in pertinent part, that "[b]oth the client and the attorney agree not to make any settlement, release, compromise, or disposition of the claim ... without the consent of the other person."[4] The affidavits of Vinet; his secretary, Kathy Whittington; and his paralegal, Robin Lawton, indicate that, on August 17, 1992, plaintiff agreed, by telephone, to allow Vinet to settle her claim. The documents further reveal that, on December 11, 1992, Vinet and Laizer entered into a "tentative" settlement of plaintiff's claim for $22,000.00. On December 14, 1992, Vinet forwarded a letter to Laizer, confirming the settlement, but noting, in a postscript, that the settlement was "TENTATIVE." Laizer's affidavit indicates that the settlement never became final because Vinet canceled the settlement at plaintiff's request. In her deposition, plaintiff acknowledged that the settlement never became final and that her worker's compensation and medical benefits were not terminated as a result of the proposed settlement. According to plaintiff, her benefits continued until February of 1994.
A review of the record indicates that Vinet did not settle plaintiff's claim. The documents submitted by Vinet include detailed notes taken by Vinet and his staff regarding all conversations and meetings with plaintiff. The documents reveal that Vinet tentatively settled plaintiff's claim, but that he subsequently canceled the settlement at plaintiff's request. Plaintiff's evidence in opposition also shows that her claim was never settled. Based on the foregoing evidence, it is clear that Vinet did not violate the employment agreement by settling, releasing, compromising, or disposing of the claim without the consent of plaintiff.
With regard to plaintiff's allegation that Vinet denigrated her claim by sending a copy of the February 8, 1993, letter to Laizer,[5] plaintiff's affidavit indicates that Vinet's "detrimental *1230 description" to the adjuster has made it difficult for her to settle her claim "for a reasonable sum of money."
Vinet's affidavit indicates that he did not tell the adjuster that plaintiff failed to accept the objective evaluations of her physicians or denigrate her claim in any manner. Laizer's affidavit provides that "[a]t no time did Mr. Vinet denigrate Mrs. Burris' claim. At no time did Mr. Vinet say that Mrs. Burris failed to accept the objective evaluations of her doctors. Mr. Vinet at all times, acted in a responsible and professional manner." Although the affidavits of Vinet and Laizer provide that Vinet did not "tell" Laizer or "say" to Laizer that plaintiff failed to accept the objective evaluations of her physicians, Vinet certainly conveyed this information to Laizer by forwarding her a copy of the February 8, 1993, letter.
In his deposition, Vinet testified that he was not attempting to denigrate plaintiff's claim by stating that she failed to accept the objective evaluations of her physicians. Vinet explained that the letter was written for the purpose of protecting his attorney's lien. According to Vinet, it is standard office procedure to copy an adjuster with a letter regarding protection of his attorney's lien. Vinet stated that the adjuster was in the possession of all medical records, which indicated that plaintiff was capable of returning to light duty employment. Thus, Vinet noted that, even without the February 8, 1993, letter, it was apparent to the adjuster that plaintiff was not accepting the objective evaluations of her physician.
It is undisputed that the statement was made in the February 8, 1993, letter and that a copy of the letter was sent to the adjuster. Vinet's and Laizer's affidavits are less than candid and border on being misleading. However, the affidavits, depositions, and other documents do not reveal that Vinet denigrated plaintiff's claim even with the objected to statement in the letter and by forwarding a copy of the letter to the adjuster. Although Vinet sent a copy of the letter to Laizer, wherein he clearly conveyed his opinion that plaintiff failed to accept the objective evaluations of her physicians, under the circumstances presented in the instant case, that statement did not denigrate plaintiff's claim. Moreover, plaintiff failed to present any evidence to show that she was having difficulty settling her claim "for a reasonable sum of money" because of Vinet's alleged "detrimental description" to the adjuster.
Accordingly, we find that there are no genuine issues of material fact in dispute with regard to whether Vinet was negligent in his representation of plaintiff and that he was entitled to judgment as a matter of law.[6] The trial court correctly granted Vinet's motion for summary judgment.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting Vinet's motion for summary judgment, is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] In his deposition testimony, Vinet read the contents of the letter for the record; however, a copy of the actual letter was not made a part of the record.
[3] It is undisputed that an attorney-client relationship existed between plaintiff and Vinet.
[4] In his deposition testimony, Vinet read the Worker's Compensation Agreement for the record; however, a copy of the actual agreement was not made a part of the record.
[5] As previously indicated, the February 8, 1993, letter from Vinet to plaintiff's new attorney contained a paragraph, which provided as follows:

In conclusion, I did all in my power to vigorously represent Mrs. Burris, and I did nothing wrong to cause her to terminate me. In my opinion, her big problem with her case is her low before injury wage and her failure to accept the objective evaluations of her case by her doctors.
[6] Because plaintiff failed to prove that genuine issues of material fact exist with regard to whether Vinet was guilty of negligence or professional impropriety, we need not address the issue of whether plaintiff sustained a loss due to Vinet's alleged negligence.