FRED W. JONES, Jr., Judge.
The State of Louisiana Workers’ Compensation Second Injury Board appealed a judgment granting the workers’ compensation insurer’s motion for summary judgment, and awarding the insurer reimbursement for workers’ compensation benefits paid to an insured’s injured employee. For the reasons hereinafter explained, we reverse and remand.
Rockwood Insurance Company (“Rock-wood”) was the workers’ compensation insurer for Pardue Timber Company. In May 1982, while working for the timber company, Lucius Singleton, a deaf mute, was rendered totally and permanently disabled for worker’s compensation purposes when he was struck in the face by a falling tree. See Singleton v. Bushnell & Co., 437 So.2d 347 (La.App. 2 Cir.1983).
After paying benefits in accordance with the worker’s compensation laws, Rockwood submitted a claim to the Second Injury Board alleging that the combination of Singleton’s congenital disability and the subsequent injury combined to leave him totally and permanently disabled, and sought reimbursement of the workers’ compensation benefits paid in accordance with La.R.S. 23:1371.
The Board denied the claim with the findings that “the subsequent injury was not caused or brought about by the existence of the pre-existing disability” and “the preexisting disability (congenitally deaf and mute) did not merge or combine with the subsequent injury (cervical and head injuries).”
Rockwood appealed to the district court, alleging in pertinent part:
“that defendant’s ruling is incorrect on the applicable law as provided under R.S. 23:1371 in that plaintiff states that the subsequent injury would not have occurred but for the pre-existing permanent partial disability, and that disability resulting from the subsequent injury in connection with the pre-existing permanent partial disability is materially and substantially greater than that which would have resulted had the pre-existing permanent partial disability not been present.”
The Second Injury Board answered denying the cited allegation.
In November 1985 Rockwood filed a Request for Admissions and Interrogatories, directed to the Second Injury Board, including the requested admission that the district court had found Singleton to be totally and permanently disabled as a result of the combination of the “prior and present disability.”
The Second Injury Board answered the Request for Admissions and Interrogatories in March 1986, denying that deafness caused the second injury or that the deafness and head injuries substantially increased the disability “than that which would have resulted had the pre-existing permanent disability not been present.”
Rockwood then filed a motion for summary judgment, referring to “pleadings, depositions and exhibits attached hereto.” However, no affidavits or other supporting documents were attached to the motion. Be that as it may, the trial judge sustained the motion for summary judgment, and the Second Injury Board appealed.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Chaisson v. *623 Domingue, 372 So.2d 1225 (La.1979); Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, supra; Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977).
Summary judgment is not to be used as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. The likelihood that a party will be unable to prove his allegations at trial does not constitute a basis for rendering a summary judgment. Rougeau v. Sears, Roebuck & Co., 383 So.2d 141 (La.App. 3 Cir.1980); LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3 Cir.1979); Hemphill v. Strain, 341 So.2d 1186 (La.App. 1 Cir.1976).
The purpose of the Louisiana Workers’ Compensation Second Injury Fund is outlined in La.R.S. 23:1371(A) & (B) which provide:
A. It is the purpose of this part to encourage the employment of physically handicapped employees who have a permanent, partial disability by protecting the employers and insurers from excess liability for worker’s compensation for disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone.
B. This part shall not be construed to create, provide, diminish or affect in any way the worker’s compensation benefits due to an injured employee. The payment of compensation to an injured employee under this chapter shall be determined without regard to this part, and the provisions of this part shall be considered only in determining whether an employer or his insurer is entitled to reimbursement from the Workers’ Compensation Second Injury Fund herein created.
Therefore, in order for Rockwood to recover compensation paid to Singleton, his disability due to the deaf-mute condition must have merged with the head and neck injuries sustained on the job. La.R.S. 23:1371(C) defines the term “merger” as used in La.R.S. 23:1371(A):
C.As used in this part, the merger of an injury with a pre-existing permanent disability is limited to the following:
1) The subsequent injury would not have occurred but for the pre-existing permanent partial disability; or
2) The disability resulted from the subsequent injury in conjunction with the pre-existing permanent partial disability is materially and substantially greater than that which would have resulted had the pre-existing permanent partial disability been present, and the employer has been required to pay and has paid compensation for that greater disability.
See Southern Casualty Ins. Co. v. La. Workmen’s Compensation Second Injury Board, 478 So.2d 573, 575 (La.App. 2 Cir.1985).
It is clear that Rockwood may recover from the Second Injury Board only by proving that Singleton’s on-the-job injury merged with his pre-existing permanent partial disability (deaf muteness) to cause a greater disability than would have resulted from the subsequent injury alone. No assertion was made that the deaf muteness was the cause of the subsequent injury.
After reviewing the pertinent pleadings we find that a genuine issue as to a material fact remains unresolved — did a combination of the deaf muteness and the on-the-job injury result in a disability materially and substantially greater than the second injury alone? Consequently, the trial judge erred in sustaining the motion for summary judgment.
DECREE
Accordingly, the judgment of the district court sustaining the motion for summary judgment is reversed, the motion for sum *624 mary judgment is overruled, and the case is remanded to the district court for further proceedings consistent with this opinion. Cost of appeal is assessed appellee.