552 So.2d 548 (1989)
Nouri E. HAKIM, et ux, Appellee,
v.
Joyce ALBRITTON and Ward Chevrolet-Oldsmobile, Inc., Appellant.
No. 20943-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1989.
*549 Joe D. Guerriero, Monroe, for plaintiff/appellee.
Bolin, Erwin, Johnson & Coleman, Ltd. by James A. Bolin, Jr. and Edward L. Tarpley, Jr., Alexandria, for defendant, Wickes Companies, Inc.
Nanci Summersgill, Monroe, for defendant-appellee, City of Monroe.
Theus, Grisham, Davis & Leigh by Ronald L. Davis, Jr., Monroe, for defendant-appellee, Gulf Inland Corp.
Lobman, Carnahan & Batt by David Bordelon and Burt K. Carnahan, Metairie, for defendants-appellants, Joyce Albritton and Ward Chevrolet-Oldsmobile, Inc.
Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
In this action for personal injury damages as the result of an automobile accident, defendants, Joyce Albritton and Ward Chevrolet-Oldsmobile, Inc., appealed the judgment of the trial court granting the motion for summary judgment filed by the third-party defendant, Wickes Companies, Inc., (hereinafter referred to as "Wickes") and dismissing the defendants' third-party demand against Wickes.
For the reasons stated herein, we reverse the judgment of the trial court.
The sole issue presented on appeal is whether the trial court erred in granting the third-party defendant's motion for a summary judgment, apparently finding that there were no genuine issues of material fact and that, as a matter of law, the third-party defendant/landowner had no responsibility to passing motorists when the landowner allegedly created a hazard on adjacent property.
In his suit, plaintiff Hakim alleged that on February 20, 1986 he was driving west on DeSiard Street in Monroe. As he entered the intersection of Stanley and DeSiard Streets, plaintiff asserted that his car was struck by a vehicle driven by Joyce Albritton, which was proceeding on Stanley Street and ran a stop sign. Said defendants were Ms. Albritton and Ward Chevrolet-Oldsmobile, Inc., the owner of Albritton's vehicle.
The defendants filed a third-party demand naming as third-party defendants, the City of Monroe, Louisiana Power and Light Company, Gulf Inland Corporation and Wickes Companies, Inc. Louisiana Power and Light Company was later dismissed from the action. In their petition, the defendants alleged that immediately preceding the accident, Albritton was driving on Stanley Street and as she approached the intersection of Stanley and DeSiard Streets, she came to a complete stop at the stop sign located at the intersection. At that time she attempted to observe the intersecting traffic but her vision was obstructed by the presence of utility poles as well as numerous vehicles parked both legally and illegally along Stanley and DeSiard Streets.
In particular, the defendants alleged that Wickes was negligent because of the following non-exclusive acts: a) failure to properly install and maintain special controls at the intersection and in the area of Stanley Street during the ongoing gigantic sale at its store after due notice of dangerous traffic conditions caused by the large customer response; b) failure to notice the imminence of an accident and take steps to avoid such an accident; c) failure to observe a reasonably discoverable dangerous condition; d) failure to warn of a dangerous condition; e) failure to give due notice to the proper governmental authorities of the dangerous traffic situation which would be created by the sale after receiving notice of a large customer response; f) failure to observe the dangerous traffic situation created by the sale once the sale began and failure to warn the proper governmental authorities of the dangerous situation created by the response to the sale; g) failure to provide adequate parking for the sale at the store so as to alleviate the dangerous situation created by the sale; h) failure to request assistance from the proper governmental authorities for the control and flow of traffic around the area of the store and the intersection; i) failure to request assistance from the proper governmental *550 authorities for the orderly parking of cars so as to prevent the obstruction of traffic signals and the blocking of the intersection; and, j) creating a dangerous situation by attracting a large number of shoppers, of which it had prior notice, to the special event sale ongoing at the store, which shoppers parked along Stanley and DeSiard Streets thereby obstructing traffic signals and oncoming traffic.
In response, Wickes filed a motion for a summary judgment asserting that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Wickes alleged that it was not responsible for placing and maintaining traffic signals at the intersection as by law that responsibility was imposed upon local municipalities or parish authorities in their respective jurisdictions. With respect to the defendants' allegations concerning the illegally parked cars, the defendants, in their answers to interrogatories, had no information as to the identification of the alleged illegally parked cars or as to identities of persons who were shopping at Howard Brothers when the accident occurred and where those shoppers' cars were parked. Wickes argued that based upon these answers, the defendants could not prove that there were any illegally parked cars at the intersection, much less that these illegally parked cars belonged to any patrons for whom Wickes was responsible. Wickes generally alleged that it had no duty to observe this alleged dangerous condition and warn parties thereof or in the alternative, to take action to correct the dangerous condition. Wickes argued that the extent of its duty, if any, to prevent injuries to persons on adjacent property caused by conduct on its premises was to be determined by the facts and circumstances of the case. Wickes noted that the accident did not occur on property owned or occupied by it nor was the accident on property immediately adjacent to its premises. The intersection was not at an entrance to Wickes' business establishment nor would traffic conditions at the intersection of DeSiard and Stanley Streets be readily observable to any employees of Wickes from its premises. Wickes concluded that upon considering these factors together with the inability of the defendants to identify any of the cars parked at the intersection as belonging to patrons of Wickes' store, it was clear there were no genuine issues of material fact as to the defendants' allegations of negligence.
The trial court granted the motion for a summary judgment filed by Wickes and dismissed the defendants' third-party demand against this third-party defendant. There are no written reasons for judgment contained in the record.
Applicable Legal Principles
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The mover for the summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such issue of material fact is to be resolved against the granting of the motion. A fact is material if its existence or non-existence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect the litigant's ultimate success or determine the outcome of the legal dispute.
It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised and the weighing of conflicting evidence on a material fact has no place in the summary judgment procedure. The court must first ask whether the supporting documents presented are sufficient to resolve all material issues of fact. If the evidence presented is subject to conflicting interpretations or reasonable men might differ as to its significance, summary judgment is not proper. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. The likelihood that a party will be unable to prove his allegations at trial does not constitute *551 a basis for rendering a summary judgment.
See Toole v. Tucker, 519 So.2d 348 (La. App. 2d Cir.1988), writ denied, 521 So.2d 1156 (La.1988); Rockwood Insurance v. Workers' Compensation Second Injury Board, 508 So.2d 621 (La.App. 2d Cir.1987); Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App. 2d Cir.1984), and Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983).
The summary judgment procedure has been found by the courts to be inappropriate in negligence cases in which the decision turns on a determination of whether or not a defendant's conduct constitutes a tort. Such a determination usually involves a factual dispute. Chandler v. Bunge Corporation, 489 So.2d 275 (La. App. 4th Cir.1986), writ denied, 492 So.2d 1219 (La.1986); Bertrand v. Howard Trucking Company, Inc., 406 So.2d 271 (La.App. 3d Cir.1981), writ denied, 410 So.2d 763 (La.1982); Cosse v. Schwegmann Brothers Giant Supermarkets, 336 So.2d 1074 (La.App. 4th Cir.1976), and Continental Casualty Company v. McClure, 313 So.2d 260 (La.App. 4th Cir.1975).
In examining the question of whether a landowner is relieved of liability for injuries occurring on adjacent property, the court in Jones v. Gillen, 504 So.2d 575 (La.App. 5th Cir.1987), reviewed the pertinent jurisprudence and noted that the courts had recognized that a particular defendant cannot escape liability by the mere fact of his status as a non-owner. The question, like any other action under La. C.C. Art. 2315, is whether the defendant was negligent in any manner.
The extent of the duty, if any, of an owner or possessor of land to prevent injury to persons on the premises or on adjacent property, caused by conduct on the subject premises, is to be determined by the facts and circumstances of each case. Whether or not the landowner caused or contributed to the accident is a factual issue which should be decided at trial. Savarese v. Bye, 398 So.2d 1276 (La.App. 4th Cir.1981), and Sanderson v. Beaugh, 367 So.2d 14 (La.App. 4th Cir. 1978).
It has been held that landowners owe a duty not to obstruct the vision of passing motorists. Savarese v. Bye, supra. See also Sierra-Melendez v. Brown, 410 So.2d 258 (La.App. 4th Cir.1982). The general duty to not obstruct roadways is well-established. See La.R.S. 14:96, 14:97 and 32:143.
Summary Judgment
On appeal, the defendants' generally argue that a landowner may not escape liability from the harm it creates merely by virtue of its status as a non-owner of the property on which the harm occurred. Defendants assert that Wickes' responsibility for an obstruction must be determined by a duty-risk analysis which requires a further factual inquiry and thus this matter is not appropriate for summary judgment. Finally, the defendants argue that the fact they were unable to provide any identification of the vehicles parked at the intersection where the accident occurred as belonging to patrons of the store does not act to relieve Wickes from liability as evidence as to the traffic conditions existing on the date of the accident will be presented at trial.
As noted above, the primary issue on appeal is whether the trial court erred in granting Wickes' motion for a summary judgment apparently based upon its finding that there were no genuine issues of fact and Wickes had no liability, as a matter of law, to passing motorists when Wickes allegedly created a hazard on adjacent property by holding the super warehouse sale.
After reviewing the record, we find that there are genuine issues of material fact and thus the trial court erred in granting the motion for a summary judgment.
There appear to be two genuine factual questions at issue herein: whether the traffic congestion was caused by or related to the business activities at Wickes and if so, was that congestion a cause-in-fact of the accident. The answers to interrogatories filed by the defendants and relied upon by Wickes to demonstrate that the owners *552 of the vehicles could not be proven by the defendants merely excluded proof by direct evidence and did not preclude the burden being met by circumstantial evidence. Plaintiff's deposition indicated that Howard Brothers was having a big sale and he noticed hundreds of cars along Stanley Street as he approached the intersection prior to the accident. Plaintiff stated that the cars were parked on Stanley Street all the way up to the intersection. The affidavit of Albritton stated she had personal knowledge that on that date Howard Brothers had advertised and was holding a "gigantic" sale at a building closely adjacent to the intersection and she personally observed patrons of the store parking vehicles along Stanley and DeSiard Streets and then proceeding into the store. Based upon the existence of this circumstantial evidence, there is a genuine issue of material fact on the question of whether or not the business activities of Wickes caused or contributed to the traffic congestion at the intersection.
In addition to finding that there is a genuine issue of material fact as to whether Wickes caused or contributed to the traffic congestion, we also find that there is a genuine issue of material fact as to whether that congestion caused or contributed to the accident. Wickes contends that the accident was caused by the sole fault of Albritton in her failure to obey the stop sign on Stanley Street. However, Albritton stated in her affidavit that she was unable to observe the traffic at the intersection when she stopped at the stop sign because her vision was obstructed by numerous vehicles parked both legally and illegally along Stanley and DeSiard Streets and this obstruction caused, at least in part, the accident. The conflicting evidence with regard to the cause of the accident is sufficient to preclude the granting of a summary judgment.
Having concluded that there are genuine issues of material fact, we also find that the trial court erred in concluding that Wickes had no duty to passing motorists as a matter of law. As noted above, the jurisprudence has held that there is a duty not to obstruct traffic and that a landowner may be liable for injuries to persons on adjacent property caused by conduct on his premises. The issue of the liability of the landowner should be considered under the general principles of negligence found under La.C.C.Article 2315 and is to be determined by the facts and circumstances of each case.
In short, the existence or non-existence of the duty on the part of Wickes is, in large measure, dependent upon the conduct and knowledge of Wickes and without evidence of that conduct and knowledge, the trial court erred in apparently finding that there was no duty as a matter of law.
It should be noted that this court does not specifically find that Wickes owed any duty to the passing motorists nor do we find that Wickes breached that duty and the breach of that duty was a cause-in-fact of the accident. We merely hold that under some circumstances, a landowner may have a duty to protect passing motorists from the hazards of congested traffic caused by the business activities on his property and that the trial court erred in apparently concluding, as a matter of law, that no such duty existed or could exist. Here, the affidavits, answers to interrogatories and deposition were sufficient to raise the possibility that such a duty could exist under the facts of this case and thereby preclude the granting of a summary judgment.
For these reasons, the judgment of the trial court granting the motion for a summary judgment filed by the third-party defendant, Wickes Company, Inc., is REVERSED, the motion is denied and this matter is REMANDED to the trial court for further proceedings. Costs of this appeal are assessed to the third-party defendant.