PER CURIAM.
Appellate courts should review the granting of a summary judgment de novo under the same criteria governing the trial court’s consideration of whether a summary judgment is appropriate. Accordingly, manifest error is not the standard. Tugwell v. State Farm, Ins. Co., 609 So.2d 196 (La.1992). Thus, we give no deference to the trial court’s decision.
The insureds executed an affidavit, stating that in 1990, when the agent sold them the policy and procured their signature on the rejection form for UM coverage, he told them that UM coverage was not available for cars over ten (10) years old and that was the reason they signed the rejection. Whether this is true is a material issue of fact in dispute. If this matter goes to trial, and the insurer disproves the allegation *474 about what the agent said, then the rejection will stand. On the other hand, if the insureds can convince the trier of fact that the agent did misrepresent to them that they had no option except to reject UM coverage, the “rejection” could be invalid.
In Tugwe.ll, supra, for example, there was a signed rejection of UM coverage but there was no evidence on the document that the insureds had been advised of the option of selecting lower limits, as required by LSA-R.S. 22:1406, subd. D(l)(a). The court held that the signed rejection was invalid and that UM coverage existed. Even more on point is Young v. Shelter Ins. Co., 604 So.2d 199 (La.App.2d Cir.), unit denied, 607 So.2d 559 (La.1992). In this summary judgment case, the Second Circuit reversed, finding that there was a genuine issue of material fact raised by the deposition of the insureds. The issue was whether the insureds’ admitted signature to the rejection form reflected an informed affirmative choice rather than the insurer’s attempt to force the insured to alter standard choices made for him by the insurer. In Young, supra, the insurer made the argument that the court is confined to the “four corners” of the application in determining whether the insured validly rejected or selected lower limits of UM coverage. The Second Circuit rejected that argument, holding that there was no legislative intent to prevent the insured from introducing evidence that he did not affirmatively reject UM coverage.
It goes without saying that if the insured in our present case were told that UM coverage was not available to him, his perfunctory signature to a form rejecting such coverage would not amount to an affirmative choice. As stated in Tugwell, above, “an insured cannot exercise an option he does not know exists.”
The costs of this appeal are assessed against the defendant-appellee.
REVERSED.