| iWOODARD, Judge.
This appeal arises from a grant of summary judgment for the defendants in a medical malpractice action.
FACTS
On September 19, 1989, plaintiff, Jo Ann Blagg was splashed with sulfuric and hydrochloric acid during the course and scope of her employment. The chemicals burned her scalp, face, forehead, and abdominal area, rendering respiration difficult. Acadian Ambulance Services, Inc. took her to Abbeville General Hospital, where her injuries were treated by various emergency room personnel, including Dr. Juan Blanch. She was later treated by Dr. Brian Amy, a general surgeon with training in the treatment of chemical burn injuries. She sustained severe chemical burn injuries, resulting in disfigurement and pain, and necessitating reconstructive procedures.
Subsequently, Ms. Blagg instituted the present medical malpractice action against Dr. Amy, as well as against Dr. Blanch, the hospital, and the ambulance service, alleging that they failed to (1) perform the appropriate treatment for scalp burns, (2) diagnose Ms. Blagg’s scalp burns, and (3) treat her scalp burns timely. She stipulated, however, that the defendants timely treated her other injuries.
|2Pr. Blanch later settled Ms. Blagg’s claim against him. A medical review panel concluded that all three remaining defendants “provided all appropriate treatment necessary in light of the patient’s injuries.” The trial court then granted the defendants’ motion for summary judgment on the grounds that there existed no issue of material fact regarding the propriety of the defendants’ treatment of her scalp and that Ms. Blagg had not introduced expert testimony to establish that Dr. Amy had breached a relevant standard of care. Ms. Blagg now appeals, arguing that the district court erred in finding no issue of material fact regarding the timeliness of defendants’ diagnosis and treatment of her scalp burns.
LAW
An appellate court will review a grant of summary judgment de novo, according to the same criteria that governed the decision of the trial court. Arnaud v. Louisiana Ins. Guar. Ass’n, 635 So.2d 473, 473 (La.App. 3 Cir.1994). Thus, we accord no deference to the decision of the trial court. Id.
A motion for summary judgment should be granted when the pleadings, affidavits, and discovery documents in the record indicate that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. A fact is “material” if its existence vel non potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the relevant legal dispute. Cormier v. Wise, 638 So.2d 688, 689 (La.App. 3 Cir.1994). A fact is “at issue” if there exists any reasonable doubt as to its existence. Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036, 1038 (La.App. 3 Cir.1992).
The party moving for summary judgment bears the burden of establishing that no material factual issue exists. Potter *1168 v. First Federal S & L, 615 So.2d 318, 325 (La.1993). However, when a motion for summary judgment is made and adequately supported, the adverse party may not rest on the allegations or denials contained in his pleadings, but his response must set forth specific facts demonstrating that there is a genuine issue for trial. La.C.C.P. art. 967. Thus, when the supporting documents presented by the moving party are sufficient to resolve all material fact issues, the burden shifts to the opposing party to present evidence showing that material facts are still at issue. Sanders v. Hercules Sheetmetal, Inc., 385 So.2d 772, 775 (La.1980). Inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Potter, 615 So.2d at 325.
I sThe summary judgment mechanism expedites the early resolution of legal disputes, thus avoiding expensive and protracted trials, by quickly disposing of unsupported allegations and claims regarding which the non-moving party cannot prevail at trial. See Hines v. Remington Arms Co., Inc., 522 So.2d 152, 157 (La.App. 3 Cir.), writ denied, 524 So.2d 522 (La.1988). Nevertheless, summary procedure should be used cautiously and sparingly, and any reasonable doubt must be resolved in favor of full trial on the merits. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
Regarding the timing of Ms. Blagg’s treatment, the defendants present the affidavits of Dr. Amy and Robert Gaspard, R.N. Dr. Amy states that Ms. Blagg’s scalp burns were diagnosed upon her admission to the hospital and that he began to inject calcium gluconate into her scalp to treat them upon his arrival in the emergency room. He also recounts repeated instances when he treated Ms. Blagg’s scalp after the initial injections. Nurse Gaspard asserts that he observed Dr. Amy perform these injections upon Ms. Blagg’s arrival.
In response, Ms. Blagg presents her own affidavit in which she urges that her scalp burns were not treated until the evening of September 21. According to the nurse’s progress notes, Ms. Blagg complained of pain in her scalp at 10:00 a.m. on September 21. She signed a consent form at 8:30 p.m. on the same day, permitting Dr. Amy to shave her head “to further treat [a] burn to [the] scalp.” Ms. Blagg also presents an unsigned affidavit executed by Linda Romero in which Ms. Romero states that she burned her hands when touching Ms. Blagg’s hair before it was shaved.
Plaintiff argues that the absence of reference to the scalp wound in the medical records prior to September 21 constitutes affirmative evidence that the defendants did not diagnose or treat the wound until the evening of September 21. However, a nurse’s progress note for 12:30 p.m., apparently on September 20, indicates that Ms. Blagg stated that she had a scalp burn that had not yet been shown to the doctor. Further, Dr. Amy noted the scalp wound in a handwritten addendum to a physical exam report.
We may not consider Ms. Romero’s affidavit because it was not notarized. See Burns v. Kenworth Motor Truck Co., 548 So.2d 49, 52 (La.App. 3 Cir.1989). We may consider the documents containing the medical evidence because they were admitted by the trial court and included in the record on appeal. Pickering v. Hercules, Inc., 486 So.2d 1185, 1189 (La.App. 3 Cir.1986). Thus, we are confronted with the inconsistent testimony of Dr. Amy and Ms. Blagg, as well as the affidavits of two witnesses and a mass of largely ambiguous medical evidence. A permissible Interpretation of the evidence supports Ms. Blagg’s contention that her scalp wound was not treated until September 21. Reasonable doubt therefore exists as to the timing of Dr. Amy’s treatment of Ms. Blagg’s scalp, and the parties’ credibility of the parties is central to the proper resolution of this dispute. Therefore, this issue is unsuited to resolution by summary judgment.
Defendants also argue that Ms. Blagg has produced no evidence as to the other elements of a medical malpractice claim: (1) the degree of care ordinarily exercised by physicians licensed to practice and actually practicing in Louisiana; (2) that Dr. Amy failed to use reasonable care and diligence, along with his best judgment in the application of that skill; and (3) that she suffered injuries as a proximate result of this failure to exer *1169 cise this degree of care that she would not have incurred otherwise. La.R.S. § 9:2794. However, it is not necessary to establish these elements by a preponderance of the evidence on a motion for summary judgment Given the dispute as to the treatment that was rendered, whether this treatment violates an applicable standard of care is also in dispute. Viewing the evidence most favorably to Ms. Blagg, a reasonable trier of fact could find that Dr. Amy’s failure to treat her scalp injury for 2 days constitutes negligence. Consequently, the trial court erred in granting the defendants’ motion for summary judgment.
CONCLUSION
For the foregoing reasons, we reverse the decision of the trial court in favor of the appellees and remand this matter for trial on the merits. All costs of this appeal are assessed against the appellant.
REVERSED AND REMANDED.