| iWOODARD, Judge,
dissenting.
Based on Louisiana Civil Code Article 2317 and Hakim v. Albritton, 552 So.2d 548 (La. App. 2 Cir.1989), I respectfuUy dissent from the majority’s conclusion that Wilson Oil did not owe a duty to Ms. Jackson not to obstruct her view with a Marlboro sign located on its property. The majority concludes that Wilson Oil did not owe a legal duty because plaintiffs did not allege that “Wilson Oil owned the sign or that Wilson Oil was in any way responsible for the placement of the sign.” [Emphasis Added.] I submit that under Hakim, supra, and that under Article 2317, ownership of the obstruction is not. necessary for HabiHty. AH that is necessary are custody and control, and to defeat a Motion for Summary Judgment, plaintiffs *54 need only allege, not prove by a preponderance of the evidence, custody and control. Blagg v. Blanch, 94-831 (La.App. 3 Cir. 2/1/95); 649 So.2d 1166. Plaintiffs have not only alleged the equivalent of ownership, custody, and control, but also, have even provided evidence for custody and control. See page 4 of their “Petition For Damages For Wrongful Death And Personal Injuries,” on which plaintiffs assert that Wilson Oil was negligent for “failing to regard the safety of motorist using the highways by placing its billboards and/or advertisements in a position to obstruct the motorists’ view.” [Emphasis Added.] And, Mona Sharp Briggs, an employee of Wilson Oil, testified that when the wind would blow the sign over, she or another employee would 12arun out there” and pick the sign back up and place it where it was located. Thus, Wilson Oil obviously knew that the sign was located on its property, knew its location on its property, and not 'only permitted the sign but had custody and control over it, even though Wilson Oil argues that the Marlboro sales representative was responsible for its placement.
The majority acknowledges that the record substantiates that the placement of the Marlboro advertising sign and whether it obstructed the vision of Ms. Jackson are in dispute. For purposes of summary judgment, plaintiffs are to be given the benefit of the doubt regarding disputed facts. We must take their properly filed allegations as true when their assertions conflict with those of the party moving for summary judgment. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
There are not only a number of material facts in dispute which would determine liability, the Marlboro sign being one of the most salient, and render summary judgment improper, but the trial court, and now the majority, have determined the merits of the plaintiffs’ case contrary to law.
Summary judgment cannot be used as a substitute for a trial. Iberia Sav. & Loan Assn. v. Warren, 569 So.2d 1118 (La.App. 3 Cir.1990), writ denied, 573 So.2d 1120 (La.1991). Thus, I would reverse the judgment and remand for a full trial on the merits.
WOODARD, J., dissents, and assigns written reasons.